CASE 6—DIVORCE AND ALIMONY—SEPT. 27.

## Irwin v. Irwin.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

1. DIVORCE AND ALIMONY—RESTORATION OF PROPERTY ACQUIRED BY
   REASON OF MARITAL RELATION.—Real estate bought with money
   drawn by the husband in a lottery and deposited to the wife's
   credit constitutes property obtained by the wife, directly or
   indirectly, from the husband in consideration of marriage with-
   in the meaning of section 425 of the Civil Code, and should have
   been restored to the husband by the decree.

2. ALIMONY—AMOUNT OF.—The wife in this case should be allowed
   alimony in a lump sum equal to one-third of the husband's
   realty to be ascertained either by a reference, or, at the hus-
   band's option, by an actual sale by the commissioner.

W. S. PRYOR FOR APPELLANT.

The evidence shows that the wife was guilty of such miscon-
duct as to deprive her of any right to alimony.

Irwin v. Irwin.

ISAAC PALMER CALDWELL ALSO FOR APPELLANT.

The proof shows conclusively that Mrs. Irwin was guilty of such conduct as precluded her in a court of equity from recovering any alimony.

W. A. KINNEY AND JAMES P. GREGORY ON THE SAME SIDE.

The court should not have allowed alimony, but should have restored to the husband the real estate acquired by the wife on account of the marriage relation.

Citations:    Bibb v. Miller, 11 Bush, 306; Civil Code, sec. 425; Ky. Stats., sec. 2121; Civil Code of 1854, sec. 462; Flood v. Flood, 5 Bush, 167; Phillips v. Phillips, 9 Bush, 183.

MAT O'DOHERTY FOR THE APPELLEE.

1. The evidence fails to show the misconduct of Mrs. Irwin by any witness who was able to qualify under the provisions of section 2119 of the Kentucky Statutes.    McAllister v. McAllister, 15 Ky. Law Rep., 750.

2. The section of the Code which directs that judgments for divorce shall contain an order for the restoration of all property not disposed of at the commencement of the action which either party may have acquired, directly or indirectly, from or through the other during the marriage, was not intended to apply to specific property, as to which there is an issue made by the pleadings as to how it was acquired by the wife.    Bennett v. Bennett, 16 Ky. Law Rep., 72; Johnson v. Johnson, 2 Same, 660; Civil Code, sec. 425.

3. Mr. Irwin is precluded from recovering this property by having conveyed it to his wife with a fraudulent purpose of defeating his creditors.    Hill v. Scott, 12 Ky. Law Rep., 877; Jones v. Reed, 3 Dana, 540; Civil Code, sec. 425.

4. It would be contended, if the circumstances of the case demanded it, the married woman's act of 1894 operated to repeal section 425 of the Civi Code.    Broaddus v. Broaddus, 10 Bush, 300.

5. Appellant's right to the prize in the lottery having originated in violation of law, in no event could he recover the proceeds.

MAT O'DOHERTY FOR APPELLEE IN A PETITION FOR A REHEARING.

JAMES P. GREGORY AND ISAAC PALMER CALDWELL IN RESPONSE TO THE PETITION FOR A REHEARING.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

Appellee brought suit against appellant, her husband, for maintenance and support, upon the ground that he had abandoned her without making provision for her main-

tenance. She also alleged that she was the owner in fee, in her own right; of certain real estate on the corner of Sixth and Breckinridge streets, in Louisville, Kentucky, upon which there was a mortgage to secure an unpaid balance of $300 due on a loan to appellant by the Franklin Insurance Company, and that the mortgagee was seeking to enforce its lien. She prayed for $60 per month alimony, and, further that the appellant should be compelled to pay off the mortgage upon the real estate, and for a decree empowering her to sell and convey the property by her own deed, free from any claim of her husband.

Appellant filed an answer and counterclaim, denying that the abandonment was without the fault of his wife, and alleging that it was occasioned by her misconduct; charging, as the ground of his counterclaim for divorce, that she had been guilty of such lewd and lascivious conduct as proved her to be unchaste, which misconduct compelled him to abandon her, and alleging that, while the title to the real estate was in appellee, it was purchased entirely with his money. He prayed for a divorce, for a receiver to collect the rents and profits of the real estate, and that he be adjudged the owner and entitled to possession of the property.

By a reply the averments in support of the counterclaim for divorce were denied. The reply contained also a denial that the real estate was purchased with appellant's money, or that appellee had received the title from her husband during marriage in consideration of the marital relations existing between them.

By an amended petition appellee charged appellant with having lived in adultery with a lewd woman, and with cruel and inhuman treatment, and prayed for a divorce *a vinculo*. The charges of the amended petition were put in issue.

Judgment was rendered dismissing the counterclaim of appellant, granting appellee the divorce prayed for in the amended petition, awarding her $25 per month alimony, and adjudging the lot of land to be the property of appellee, free from any claim of her husband.

The record contains nearly a. thousand pages of testimony, mostly irrelevant or incompetent. With that part of it which bears upon the grounds of divorce this court, of course, has nothing to do, except in so far as that testimony sheds light upon the contest over proprietary rights.

The property over which the principal contention arises was acquired under peculiar circumstances. The appellant in 1882 purchased a dollar ticket in the Louisiana lottery and received a copy of the so-called official drawing, which showed that ticket to have drawn a prize of $15,· 000. Prior to that time the evidence tends to show that neither he nor his wife had any estate. The evidence tends to show that the ticket was deposited by appellant with the Western Financial Corporation (now the Bank of Commerce), and the probability is, that at the time of such deposit, direction was given that the proceeds be placed to the credit of appellee. There is no evidence supporting the claim that appellant presented his wife with the ticket. The money was duly collected, placed to her credit, and, so far as the testimony on this subject shows, was expended in the purchase of the property in question and the erection of the buildings thereon, together with certain other property, which appears to have been subsequently sold, and its proceeds used for the purpose of discharging the greater part of the indebtedness upon the property now in dispute.

Upon this state of facts, it is contended for appellee that the property was not obtained by the wife, directly

or indirectly, from or through the husband during marriage, in consideration or by reason thereof, and therefore, that the provision of section 425 of the Civil Code does not apply. The earlier cases under section 462 of the Code of 1854 tended to support this theory. (Flood v. Flood, 5 Bush, 167, and Phillips v. Phillips, 9 Bush, 183). But, in view of the decision in Phillips v. Phillips, the words "directly or indirectly" were inserted in section 425 of the present Code, and it was further provided that "any property so obtained *without valuable consideration* shall be deemed to have been obtained by reason of marriage." It is sought to break the force of this amendment, in its application to the case at bar, by showing that there is no averment in appellant's counterclaim that the property in question was obtained from him by appellee *without valuable consideration.* This does not appear to us to be material. It is averred specifically that it was obtained by reason of the marriage, the language used being, "in consideration of the marital relations existing between them." In our opinion, the averment was sufficient, for the words added to the Code provision, that property "obtained without valuable consideration shall be deemed to have been obtained by reason of marriage," are, in our view, clearly a provision as to what shall be evidence to support the averment that it was obtained by reason of the marriage. It is therefore unnecessary to aver in a pleading the fact of absence of valuable consideration, which, by the terms of the statute, is evidential of a transfer "by reason of the marriage." The appellee's conversations as to why the property was placed in her name are evidence against her as to the source of the title. And if the property was obtained directly or indirectly through the husband, and there was no valuable consideration mov-

ing from her, it must have been obtained by reason of the marriage, and the statute must apply, unless some valid reason be shown to prevent its application. The case of Bennett v. Bennett, 95 Ky., 545, [26 S. W., 392], is not in point. In that case there was a deliberate abandonment of any claim to property, the specific restoration of which had been sought, and this abandonment was in consideration of obtaining an immediate trial of the question of divorce.

It is claimed, however, upon the strength of the testimony of a brother of appellant, that the property was placed in the name of the wife only to enable appellant to cheat, hinder, or delay his creditors; that actual fraud, and not the existence of the marriage, was the real reason and consideration for the conveyance to appellee. It is unnecessary to go into this question further than to say that the evidence of L. J. Irwin does not support this contention. A careful reading of the testimony shows that he was speaking entirely of the statements which Mrs. Irwin had made to him, which statements, however available they may have been as admissions against her, were pure hearsay as against her husband. And while one of his answers, standing alone, appears to support counsel's contention, the testimony immediately following shows the witness was not speaking of any statement of appellant.

It is also contended that, as the purchase of a lottery ticket was a misdemeanor, the law can not uphold any claim resting upon it. The pleadings do not at all present this question. There have been a number of cases in which this defense has been made to claims based upon lottery tickets or the proceeds thereof. Assuming that this defense can be relied on without pleading, it does not

at all follow that the gift—if gift it were—of the money
to Mrs. Irwin, or the gift of the lottery ticket itself, in
what must be assumed to be a legal lottery, although the
purchase may have been illegal, was to any extent tainted
by the illegal procurement of the ticket. This court has
entertained jurisdiction to determine to which of two con-
tending parties the proceeds of a lottery ticket belonged;
and has refused to go into the question of the legality or
illegality of the sale of the tickets, upon the ground that
it was not a contest between the claimant and the lot-
tery company, but between two claimants of the fund,
and that the question of the legality of the sale of tickets
and the distribution of the prizes arose collaterally, and
solely because the claimants were compelled to rely upon
the sale and distribution to make out their title to the
fund. (Bibb v. Miller, 11 Bush, 308.) And in Martin v. Rich-
ardson, (94 Ky., 183, [42 Am. St. R., 353; 21 S. W., 1039]),
in an elaborate opinion by the present Chief Justice, discus-
sing the authorities upon this subject, this court compelled
a party who had fraudulently obtained possession of a
prize-winning lottery ticket from its owner to refund the
proceeds, which he had collected. So, in the case at bar,
we find no difficulty in reaching the conclusion that the
transfer of the proceeds of the ticket, or of the ticket
itself, by the husband to the wife, was untainted by the
illegal purchase of the ticket, and that, whether the pur-
chase was illegal or not, such transfer comes distinctly
within the meaning and purview of the peremptory statute
which requires the restoration of property obtained di-
rectly or *indirectly* from or *through* the other party *by
reason of the marriage.*

It follows, therefore, that the trial court erred in ad-
judging the real estate to be the property of appellee.

Irwin v. Irwin.

We shall not attempt to state in detail the conclusions reached by us from the testimony upon the specific issues presented by the pleadings upon the question of divorce. The parties having been legally separated, it is best for all parties that that subject be not discussed. And, in view of the separation, we deem it also best for the parties that there should be as little contact and consequent friction as possible. We have concluded, therefore, to allow appellee a lump sum in lieu of all future payments of alimony. And, as appellant is not shown to have any other estate than the property adjudged to him, that sum is fixed at one-third the value of the real estate in controversy, which may be ascertained by reference to commissioners, and appellant adjudged to pay one-third of such value, or, if appellant, who is to be adjudged to be the owner of the property, subject to the mortgage, shall so elect, the value may be ascertained by a sale of the property by the commissioner, as in cases of ordinary judicial sales. Such election may be signified by a consent to such sale, to be entered of record when the case goes back to the trial court.

The judgment, in so far as it declares the real property to be the property of appellee, and in so far as it awards alimony in future, is reversed, and the cause is remanded for further proceedings to ascertain the value of the property and the amount to be paid to appellee.