CASE 76—ACTION BY MOSES B. FELTNER AGAINST FELIX
    FELTNER AND OTHERS TO RECOVER CERTAIN
    MONEY.—March 11.

# Feltner v. Feltner

Appeal from Clark Circuit Court.

J. M. BENTON, Circuit Judge.

Judgment for defendants. Plaintiff appeals—Affirmed.

1. Contracts—Illegality — Obstructing   Justice—Effect. — Where
    money is placed in a persons's hands to be held till a witness
    carries out his agreement to leave the state, and not to appear
    on the trial of a pending case, and then to be paid over to him,
    it is an unlawful agreement to stifle public justice, and the
    witness cannot recover it from such person on the ground
    that the illegal agreement is fully executed, and that its
    illegality did not affect his right as a principal to recover the
    money paid to his agent.

JOUETT BYRD and JOUETT for appellant.

## POINTS AND AUTHORITIES.

1. If money be paid to one party as consideration for a contract or transaction which is contrary to public policy, and by him delivered to a third person to be held by that person for him, such third person cannot refuse to pay over the money to the party who gave it to him upon the plea that the money was derived from an illegal transaction: Am. & Eng. Enc. of Law, 2nd Ed. Vol. 3, page 758; Borron v. Landees, 1 Duvall 299; Stephen v. Vaughn, 4 J. J. Mar. 206.

2. If money be delivered to a person by a third party to be held by such person for another, such person cannot in an action by the party for whom he is holding the money plead as a

Feltner v. Feltner.

defense that the money is the proceeds of an illegal transaction: A. & Eng. Enc. of Law, Vol. 15, page 1007; Cyc. Vol. 9, page 556; Farmer v. Russell, 1 Bosw. 296; Tenant v. Elliott, 1 Bosw. 3; Sharpe v. Taylor, 2 Phil. Ch. 801; Faikney v. Reynous, 4 Burr, 206; McBlair v. Gibbs, 58 U. S. 135; Roselle v. Bechemeir, 25 S. W. 1132; Haacke v. Knights of Liberty Social Club, 76 Maryland, 429; Failen v. Clarke, 19 Conn. 421; Gillam's Excrs. v. Brown, 43 Miss, 641; Wilson v. Owen, 30 Mich. 474; Brooks v. Martin, 2 Wall. 70; Planters Bank of Tenn. v. Union Bank of La., 16 Wall 483; Armstrong v. Tolar, 11 Wheat. 258; Merritt v. Millard, 4 Keyes, N. Y. 208; De Leon v. Revence 49 Tex. 88; Greenwood on Public Policies, page 98; Cook v. Sherman, 20 Fed. Rep. 170; Evans v. City of Trenton, 24 N. J. Law 764; Baldwin v. Potter, 46 Ver. 402; Wood on Master & Servant, Sec. 202; Kiewert v. Rindshiff, 46 Wis. 481; Morton v. Blinn, 39 Ohio St. Rep. 145; Andrews v. New Orleans Brewing Association, 20 Southern, 827; Tate v. Pegues, 6 S. E. 298; Owen v. Davis, 1st Bailey, (S. C.) 315; Anderson v. Moncrieff, 3 Desaus, 124; Martin v. Richardson, 21 S. W. 1039; Irwin v. Irwin, 52 S. W. 927; Maze v. Bradley, 64 S. W. 685; McDonald v. Lund, 43 Pacific, 349.

3. If parties to an illegal contract be not in pari delictu a court of equity may relieve the one placed at a disadvantage as against his co-wrong doers. Anderson's Admr., v. Meredith, 82 Ky. 571.

4. Either party to an equitable action may have the case transferred to an ordinary docket for the trial of an issue concerning which he is entitled to a jury trial. Civil Code of Practice, Sec. 12.

CLEON K. CALVERT for appellees.

POINTS DISCUSSED AND AUTHORITIES CITED.

The agreement as between the appellant and those negotiating with him, whereby he was to leave the Clark Circuit Court, and thus evade the witness stand in the Marcum-Hargis damage suit, for and in consideration of the one thousand dollars, ($1,000.00), in controversy, was an unlawful agreement and an illegal contract.

(a)   As being against the policy of the law.

(b)   As being an agreement to pervert and hinder the due administration of justice.

(a)   Pollock's Principles of Contract, (Wald). 1st., Am. Ed. ch., 6; page 242.

(b)   Bishop on Contrac's, Ed., of 1878; ch., 25; p. 165; Sec. 475.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

Moses B. Feltner brought this suit against F. B. Feltner and the Winchester Bank, alleging in his petition that on December 6, 1904, he delivered to Felix B. Feltner the sum of $1,000 for safe-keeping as his agent for his use and benefit, that Feltner deposited the money in the Winchester Bank to his own credit, and that the bank still held the money. He prayed judgment against Feltner and the bank. The defendants filed answer controverting the allegations of the petition. Proof was taken, and, on final hearing, the court entered judgment in favor of the defendants. The plaintiff appeals.

The facts of the case as shown by the record are these: Mrs. Marcum had brought a suit against James Hargis, etc., to recover damages for the death of her husband, and she had at Winchester as a witness on her behalf, among others, Moses Feltner. Shortly before the trial came on, an arrangement was made with Moses Feltner by which it was agreed that he should leave Winchester and go to Ohio, and remain there until after the trial was over. In consideration of his doing this, he was paid $1,000, and the defendants in the Marcum suit agreed that they would stand by Moses Feltner and help him to get out of an indictment for murder which was pending against him in the Breathitt circuit court. They were unwilling to pay him the $1,000 and take the chances of his appearing at the trial of the Marcum case as a witness, and he wanted some kind of earnest that they would do what they had promised if he did not appear.

Felix Feltner was at Winchester as a friend of Hargis, etc., and so it was arranged that the $1,000 should be put in Felix Feltner's hands, he being a cousin of Moses Feltner, and that Felix was to pay the money to Moses if he did not appear on the trial of the Marcum case, and was to see that Hargis, and others lived up to their agreement as to the murder case in Breathitt county. Felix Feltner took the money and placed it in the bank. Moses Feltner left and went up to Ohio, and did not return until after the Marcum case was over; and, when he returned, Felix Feltner refused to pay him the $1,000. This suit followed.

The facts about this matter are more fully stated in French v. Commonwealth, 97 S. W. 427, 30 Ky. Law Rep. 98, which was a contempt proceeding against the parties for running off a witness. That there was a criminal conspiracy to run the witness away from the trial, and that the $1,000 was paid in execution of this conspiracy, the evidence leaves no doubt. The payment of the money was a part of the conspiracy, and it was held by Felix Feltner simply because the persons paying it were afraid to trust Moses with the money, and wished to be sure that they got what they bargained for before he got the money absolutely. We are referred to a large number of authorities holding that, after an illegal agreement has been fully executed, the party in possession of the profits will not be permitted to interpose the objection that the business which produced the fund was in violation of law, and that, if money has been paid to an agent, the illegality of the transaction of which the money was the fruit does not affect the right of the principal to recover the money from his agent who holds it. 9 Cyc. 556, 15 Am. & Eng. Encyc. of Law, 1007; Mc-

Blair v. Gibbes, 58 U. S. 232, 15 L. Ed. 132; Brooks v. Martin, 2 Wall. 70, 17 L. Ed. 732; Martin v. Richardson, 94 Ky. 183, 21 S. W. 1039, 19 L. R. A. 692, 42 Am. St. Rep. 353; Irwin v. Irwin, 107 Ky. 24, 52 S. W. 927; Maize v. Bradley (Ky.) 64 S. W. 655. If this was a suit by Felix Feltner against the bank, these authorities would be applicable, but none of them touch this case. Here there was a criminal conspiracy to defeat the course of public justice by running a witness away from the court on the eve of the trial; and we have here an action by one of the conspirators against another in which he asks the aid of the court to compel his fellow conspirators to surrender to him the fruits of the unlawful conspiracy. The court will not lend its aid in any such matter. Smith v. Richmond, 114 Ky. 303, 70 S. W. 846, 102 Am. St. Rep. 283. The money was not placed in Felix Feltner's hands simply as agent of Moses Feltner, and to hold for him. It was placed in his hands to hold until Moses Feltner carried out his agreement not to appear as a witness on the trial of the Marcum case, and then to be paid over to him. It was not to be paid to him if he did not carry out his illegal agreement. The unlawful agreement to stifle public justice entered into the deposit, and was the moving consideration for it.

Judgment affirmed.