Bennett v. Bennett.

95   545
96   393

95   545
d107  29

CASE 92—PETITION EQUITY—MAY 10.

# Bennett v. Bennett.

APPEAL FROM CAMPBELL CHANCERY COURT.

1. DIVORCE—EFFECT OF ORDER RESTORING PROPERTY.—In an action by the husband for divorce, in which he sought by his petition to cancel a deed made to the wife, through a trustee, upon the ground that it had been made solely in consideration or by reason of marriage, an order having been made reciting that, on motion of plaintiff the cause was "discontinued as to property," an order appended to the final decree of divorce reciting that "all property obtained by these parties in consideration of marriage is respectively restored to them" did not affect the rights of the wife to the property which had been in dispute in that action, whatever may ordinarily be the effect of such an order.

2. SAME.—In this action in which the husband seeks to recover of the wife the property in dispute in the divorce suit, and which, he claims, was restored to him by the order made in that case, the record strongly conduces to establish some arrangement in the divorce suit by which all claim to the property was to be withdrawn, provided the defendant would only formally object to the submission of the case and the obtention of the divorce, in order that a divorce might be had at once; and if such an arrangement or agreement shall be established, it should be treated as a forfeiture by the husband of his right ever to claim the property, and upon the return of the case there may be an inquiry into the facts, not only as to such an agreement, but as to the ownership of the property.

JOHN S. DUCKER FOR APPELLANT.

1. The court had full power to settle all property rights of the parties in any litigation subsequent to divorce. The order of restoration rendered by the court, when the divorce was granted, cuts off no equities or rights of the appellants. She lost thereby no rights which the law gives her as the former wife of the appellee. (Sec. 462, Old Code; sec. 425, New Code; Williams v. Gooch, 3 Met., 444; Phillips v Phillips, 9 Bush, 184.)

2. The evidence fails to show that the deed in question was executed in "consideration" of marriage.

E. W. HAWKINS FOR APPELLEE.

The order of restoration appended to the decree of divorce is conclusive, and passes to the appellee the title to the property in controversy,

Vol. 95—35.

leaving nothing for the court to do but to enforce the order.  (McCarty v. McCarty, 10 Ky. Law Rep., 409.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

In September, 1890, the appellee obtained a judgment of divorce from his wife on the ground of separation without cohabitation for five years next before the application therefor.  In his petition he had sought to cancel a deed for a house and lot in Newport, made by him to his wife, through a trustee, in 1866, upon the ground that it had been made solely in consideration, or by reason of marriage.  This the wife, who was in possession of the property by her tenants, resisted, and in her answer alleged that the property had been bought with her own means.

On August 25, 1890, the cause was continued, we presume for preparation on the issue presented in the pleadings, but, on the same day, "by consent," the order of continuance was set aside, and on motion of plaintiff the cause was "discontinued as to property."  In a few days thereafter the case was submitted and a judgment rendered, annulling the marriage, but appended to it, in the face of the plaintiff's discontinuance of any claim as to property, was this order: "And all property obtained by these parties during marriage, and directly or indirectly in consideration of the marriage, of which disposition was not made when this action was begun, is respectively restored to them."  Thereupon the husband, who is the appellee, brought the present action for the enforcement of the order of restoration, alleging that his late wife refuses to surrender the house and lot directed to be restored to him, as he contends, in the judgment of September, 1890.  The wife urges a number of reasons why

the deed should not be set aside, or if set aside, why her receipt of the rents ought not to be disturbed. It is insisted, however, by the appellee, that the judgment of restoration is conclusive of any question of title between the parties, and determines finally that the title has passed back to the original owner, leaving nothing for the court to do but to enforce the order restoring the title.

The section of the Code under which this contention is asserted is as follows: "Every judgment for a divorce from the bond of matrimony shall contain an order restoring any property, not disposed of at the commencement of the action, which either party may have obtained, directly or indirectly, from or through the other, during marriage, in consideration or by reason thereof; and any property so obtained, without valuable consideration, shall be deemed to have been obtained by reason of marriage. The proceedings to enforce this order may be by petition of either party, specifying the property which the other has failed to restore; and the court may hear and determine the same in a summary manner, after ten days' notice to the party so failing." (Civil Code, section 425.)

Of section 462 of the old Code, which was like the new section so far as the point now involved is concerned, this court, in Williams v. Gooch, 3 Met., 486, said: "The order of restoration contemplated by this section is a formal one, to be made in cases in which no mention of the property to be restored has been made in the pleadings, and was not designed to apply to any specific property, or to settle any controversy with reference thereto, even between the divorced parties. We doubt whether section 462 was intended to apply to any case in which an issue as to the restoration of specific property is made by the

pleadings in the divorce suit." So in Phillips v. Phillips, 9 Bush, 183, it was said of the same section: "The design seems to have been to regulate the mode of enforcing the right of restoration, and not to establish or define such right."

Whatever may be said of the design of this section as it now appears in the Code, certainly it can be given no force in this case, or be construed to affect the rights of the wife to the property in dispute. It would be singular if the plaintiff, who was seeking a divorce and a cancellation of the deed, could obtain the relief he declined to ask for when, if he had continued to ask it, it would have been refused. Except he had discontinued his claim to the property he was not entitled to a trial. An issue had been raised as to its ownership by the pleadings of the defendant first filed, and by avoiding the issue, or in fact abandoning his claim to the property, it is insisted he got an order entitling him to what he had in fact abandoned. Instead of such being the result, it seems to us it might well be argued that the discontinuance of his claim to the property in the action wherein the issue was made as to the ownership worked a forfeiture of the right ever to claim it. Indeed, in her amended answer in this case, the wife charges that "when the plaintiff, by his counsel, agreed with the defendant in September, 1890, in case No. 3833½ (which was the divorce suit), to discontinue all claim to the property involved if a submission were allowed on the claim for a divorce, defendant in good faith believed she would have the house and lot for her own to do with as she saw proper."

It seems to us that the record so strongly conduces to establish some arrangement by which all claim to the

property was to be withdrawn, provided the defendant would only formally object to the submission of the case and the obtention of the divorce, as to defeat the recovery of the property, without a denial of the charge made, or at least an explanation of the deliberate abandonment of any claim to the property in order, seemingly, that a divorce be at once had. The conclusion that there was such an arrangement or agreement is almost irresistible, but the facts may be inquired into on the return of the case, as well as to the ownership of the property. We simply decide that the property rights of the parties are wholly unaffected by the formal order of restoration in the judgment of divorce, though the husband's rights may be precluded by reason of the arrangement indicated. We think that in any event should the chancellor, upon a final hearing of the case, cancel the deed, the rights and equities of the wife are open for adjustment in case No. 2713, in which the property is in the hands of the court's receiver. The cases should be heard together and such orders made as will secure the wife in such part of the estate of the husband as may be allotted to her should the property be restored to him.

Judgment reversed and cause remanded for proceedings not inconsistent with this opinion.