## Sea, Jr., Administrator of Henry Conrad, Deceased, v. Conrad.

(Decided October 1, 1913).

Appeal from Jefferson Circuit Court
(Court of Common Pleas, First Division).

1. Insurance,Life—When Property In Meaning of Statute.—A ten year term paid-up policy of insurance issued on the life of the husband, while the marriage relation exists, for the benefit of the wife, is

property in the meaning of section 425, civil code, and section 2121, Kentucky Statutes.

2. Insurance, Life—When Judgment of Divorce Divests Wife of Interest in Policy.—A judgment of divorce, procured at the suit of the wife, after the policy became a paid-up policy, which allowed her $7,000 alimony and directed the restoration to each party of such property as was obtained from the other during, and in consideration, of the marriage, divested the wife of her interest in the policy and vested same in the husband; and upon his death, subsequently occurring, the proceeds of the policy should have been paid to his administrator as assets of the estate; the above rule being applicable whether the policy is issued by an "old line' insurance company, or company not of this class.

3. Divorce—Judgment of Restores to Each Party, Property Obtained Through or During Marriage.—The judgment of divorce operates to restore to the divorced parties the title to such property as either may have obtained from or through the other during marriage, in consideration, or by reason thereof; and this is true, whether the return of the property is ordered by the judgment of divorce, or in a subsequent proceeding. If the order of restoration be, as is often the case, merely formal, or none is made when the divorce is granted, any question thereafter arising as to what property shall be restored by either party to the other, may be settled by subsequent proceedings.

4. Insurance, Life—Interest of Wife in Proceeds of Policy—Divorce—Payment of Premiums by Wife.—But notwithstanding the legal effect of the judgment of divorce upon the property rights of the parties, if, in determining, after it is granted and following the death of the husband, whether a wife should yield her claim to the proceeds of the policy issued for her benefit upon the life of the husband during the marriage and before the divorce was granted, it should be made to appear, that she had paid the premiums on the policy, or that the husband failed or refused to restore to her property which he had, during the marriage and by reason thereof, obtained from her, she should be reimbursed out of the proceeds of the policy the amount of such premiums so paid, or the value of such property as the husband failed to restore. But where, as in the instant case, no such equities in behalf of the wife were presented the entire proceeds of the policy should have been adjudged to the husband's administrator.

PAUL BLACKWOOD for appellee.

WILSON D. CRABB for appellant.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This suit was brought by appellee, Eva Conrad, against the Mutual Benefit Life Insurance Company, of Newark, N. J., to recover $5,000, with interest, claimed

on policy No. 117,140, issued by it February 4, 1884, upon the life of her former husband, Henry Conrad, who died April 11, 1911.

The policy is what is known as a ten-year term policy, that is, in consideration of the payment, February 4, 1884, of a premium of $310.55, and the payment of a like sum on the 4th day of February in each following year, until ten full premiums were paid, the insurance company, by the terms of the policy, agreed to pay the sum of $5,000 to the appellee, Eva Conrad, the beneficiary named therein, within sixty days after due notice and satisfactory proof of the death of the insured, Henry Conrad.

It is alleged in the petition that the insured, Henry Conrad, paid each of the annual premiums for ten years as it became due. The answer of the Mutual Life Insurance Company admitted the contract of insurance, as contained in the policy, but denied that the appellee, Eva Conrad, was entitled to the proceeds thereof and alleged that such proceeds should be paid to the children of Henry Conrad, who were, by its cross-petition, made parties to the action and called upon to assert their claim thereto. It was permitted to pay into court the amount due upon the policy.

Thereafter, the appellant, Andrew M. Sea, Jr., administrator of the estate of Henry Conrad, deceased, filed a petition asking that he be made a party defendant and that same be taken as his answer and counterclaim to appellee's petition, and cross-petition against the insurance company and children of Henry Conrad. The answer contains several paragraphs, in one of which the administrator denies that the appellee or children of Henry Conrad are entitled to the proceeds of the policy. In another, he sets up and pleads that, in an action for divorce between appellee and Henry Conrad, deceased, instituted, in 1895, in the chancery branch of the Jefferson Circuit Court, judgment was entered divorcing the parties, granting appellee $7,000 alimony, and restoring to each all property and property rights acquired from the other by or in consideration of the marriage; and that, though by virtue of her being at the time of the issuance of the policy the wife of Henry Conrad, she was named therein as the beneficiary, by the judgment referred to and by reason of section 425, Civil Code, and section 2121, Kentucky Statutes, appellee was divested of the beneficial interest she took under

the policy, and same was vested in Henry Conrad; and that, thereafter, on April 30, 1897, Henry Conrad, in pursuance of this right, made demand upon the insurance company for the dividend then due upon it as a paid-up policy, and thereafter repeated such demands, at the accrual of the subsequent dividends thereon, until his death, which dividends were, as demanded, paid to him by the insurance company.

In still another paragraph of the administrator's petition, answer, counterclaim and cross-petition, it was alleged that the insurance policy in question became by the rendition of the judgment of divorce, and continued until his death, the property of Henry Conrad, for which reason it was claimed by the administrator as assets of his estate, which he, the administrator, was entitled to receive and apply, if necessary, to the payment of the decedent's debts, or distribute as required by the laws of the State.

Appellee, Eva Conrad, filed a demurrer to the petition, answer, counterclaim and cross petition of the administrator, which the circuit court sustained, dismissed the administrator's claim, and directed the receiver of the court to pay appellee, Eva Conrad, the amount of the policy theretofore paid by the insurance company into court. From the judgment manifesting these several rulings, the administrator has appealed.

In our opinion, the policy in question is property. It became a "paid-up" policy on the 4th of February, 1895, the date of the maturity and payment of the tenth and last premium; and, though the judgment of divorce was rendered November 30, 1895, it is admitted that every dividend, beginning with the first one of February 4, 1896, declared on the policy after it became a "paid-up" policy, was received by Henry Conrad down to the time of his death. It is apparent, therefore, that the policy, and Henry Conrad's beneficial interest therein at the time of the granting of the divorce, was not only property, but that it was an investment from which he derived an annual profit, from the time it became a "paid-up" policy until his death.

If correct in this conclusion, the question then arises: What legal effect had the judgment of divorce upon the rights of the parties with respect to this policy or its proceeds? Did the beneficial interest given the wife by the policy continue after the divorce, or was it divested by the divorce and vested in the husband? This

question, as raised by a state of facts such as are here presented, has never been passed on by this court; and as we have not been favored by appellee's counsel with a brief containing their view of the case, and the record does not contain the written opinion it indicates was delivered by the judge of the circuit court at the time of deciding the case, we are not advised as to the grounds upon which he adjudged appellee entitled to the proceeds of the policy in controversy. We assume, however, that in so holding, that court followed the doctrine announced in Phoenix Mutual Life Insurance Co. v. Dunham, 46 Conn., 79; McKee v. Phoenix Insurance Co., 28 Mo., 383; Overhise v. Phoenix Insurance Co., 63 Ohio, 77; Conn. Mutual Life Insurance Co. v. Schaefer, 94 U. S., 457, which, in substance, hold: That, where the policy of insurance is an "old line" policy, in the absence of a provision in the contract to the contrary, the designation of a beneficiary, valid in its inception, remains so, although the insurable interest or relationship of the beneficiary has ceased; therefore, that the wife's interest in such a policy, payable to her, is not affected by a divorce. We have never given our approval to this doctrine, nor have we expressly disapproved it, except with respect to mutual benefit associations. It was held inapplicable in Green v. Green, 147 Ky., 608, wherein it is said:

"Without approving of the rule applied by some courts in the case of ordinary life insurance companies, we are of opinion that there is every reason why a different rule should prevail in the case of mutual benefit societies. The latter are organized for the benefit of the members, their families and those dependent upon them. To permit the benefits to be paid to those who at one time sustained such relation, but did not sustain that relation at the time of the member's death, would be to frustrate the purpose of the society. In other words, to entitle one to receive the proceeds of a certificate in a fraternal society, he must, unless the contract or charter and by-laws provide otherwise, bear the required relation at the time of the member's death. That being true, we are of the opinion that the divorce operated to revoke the designation of appellant as the beneficiary in the certificate in question, and to substitute decedent's mother in her place."

We are of opinion that the question here involved is controlled by the provisions of section 425, Civil Code,

and section 2121, Kentucky Statutes. Though not in all respects identical in language, these sections are identical in meaning, hence in this connection it will be sufficient to quote either. Section 425, Civil Code provides: .

"Every judgment for a divorce from the bond of matrimony shall contain an order restoring any property not disposed of at the commencement of the action, which either party may have obtained, directly or indirectly, from or. through .the other, during the marriage, in consideration or by reason thereof; and any property so obtained, without valuable consideration, shall be deemed to have been obtained by reason of the marriage. The proceedings. to enforce this order may be by petition of either party, specifying the property which the other has failed to restore; and the court may hear and determine the same in a summary manner, after ten days' notice to the party so failing."

It is manifestly the meaning of the Code. that the judgment of divorce operates to restore to the divorced parties the title to such property as either may have obtained from or through the other, during marriage, "in consideration or by reason thereof;" and this is true whether the return of the property is ordered by the judgment of divorce, or in a subsequent proceeding.

If the order of restoration be, as is often the case, merely formal, or none is made when the divorce is granted, any question as to what property shall be restored by either party to the other may be.settled by subsequent proceedings. Williams v. Gooch, 3 Met., 487; Smith v. Smith, 22 Rep., 225; Bennett v. Bennett, 95 Ky., 545; Johnson v. Johnson, 96 Ky., 391.

There can be no doubt of the fact that appellee was, by the terms of the policy issued upon the life of Henry Conrad, named therein as the beneficiary because she was his wife and by reason thereof had an insurable interest in his life; it is patent, therefore, that whatever interest or right she then had or.took under the policy was acquired in consideration or by reason of her marriage to Henry Conrad. The interest or right she thus acquired was destroyed by the judgment of divorce which operated, by virtue of its terms and the provisions of the Code, to divest her of it. It is not material that there was never an actual return of the policy by her to her former husband, or that its return was never demanded by him. The mere physical retention of the

policy by her, whether intentional or otherwise, did not confer upon her any right to it, and the fact that she never demanded or received the dividends that accrued and were paid upon it, and that they were demanded and received by Henry Conrad as long as he lived, shows that each of them understood that she no longer had any interest in the policy. The policy was merely evidence of the contract with the company, upon which its liability could not be enforced until the death of Henry Conrad. Had he, at any time after his divorce from appellee, instituted proceedings for that purpose, he might have compelled the delivery to him of the policy, but his failure to do so, whether it arose from a disinclination to have further litigation with his former wife, or other cause, in view of his continued collection of the dividends thereon, is not to be taken as evidencing his recognition of her right to it; nor is his administrator, by reason thereof, now estopped to claim its proceeds.

While appellee, at no time subsequent to the divorce and before Henry Conrad's death, had an insurable interest in his life, it is unnecessary to determine whether that fact, of itself, was sufficient to divest her of any interest in the policy of insurance, it is sufficient to place our decision, as we do, on the ground that she was divested of such interest by the judgment of divorce, and the effect section 425 of the Code compels us to give it.

Appellee urges no equitable claim or right to any part of the proceeds of the policy, such as might have existed in her favor if she had paid the premiums on it, or that she is entitled to reimbursement out of the proceeds for money or property of hers which Henry Conrad failed or refused to restore to her following the divorce; but her only claim to the proceeds of the policy rests upon the naked ground that she is entitled thereto, because of the fact that she is named in the policy as beneficiary, and the further fact that, notwithstanding the divorce, she has retained possession of the policy.

In Leaf, et al. v. Leaf, 92 Ky., 166, the divorced wife, after the death of the former husband, was allowed to share equally with her children the proceeds of an insurance certificate or policy, issued by a fraternal society on the life of the husband although, following the granting of the divorce, he procured of the society a new certificate payable to another as beneficiary. But the reasons of the court and soundness of the grounds

for so holding will fully appear from the following excerpt from the opinion:

"It is argued that there is no widow surviving the deceased by reason of the divorce granted by the chancellor, by which the marriage tie was served. It has been held that the policy of insurance on the life of the husband for the benefit of the wife was not forfeited by reason of a divorce subsequently obtained, but that the right of the wife still continued. (Goldsmith v. Union Mut. Life Ins. Co., 17 Abbott's New Cases, 15.) Whether this is the correct doctrine is not necessary to be determined, as in this case the appellee, although divorced, whose earnings contributed to keep the insurance alive, and who divided the estate to which she had title with her husband when the divorce was granted, on the idea that she was invested with a beneficial interest in this fund, should enjoy its benefits equally with her children, and as the appellants are not entitled they have no right to complain."

In Dunker v. Schuff, 134 Ky., 192, we held, that where money given to a wife by her mother went into her husband's property, and he received the benefits thereof, and her savings also went into his property, in a proceeding by the husband under section 425, Civil Code, after divorce by the wife, to have restored to him property conveyed by him to the latter in consideration of the marriage, such restoration should be adjudged by the chancellor only after a balancing of the equities between them. The property involved in this case was a piece of real estate in the city of Louisville and a paid-up policy of insurance on the life of the husband, and the judgment required an equal division of the proceeds of the policy and real estate between the divorced parties.

The principle announced in Leaf, et al. v. Leaf, and Dunker v. Schuff, supra, is recognized in the following cases, also decided by this court: Lankford v. Lankford, 117 S. W., 962; Thomason v. Thomason, 142 Ky., 177; Golding v. Golding, 82 Ky., 51; Irwin v. Irwin, 107 Ky., 24.

No such equities, as existed in behalf of the divorced wives in the cases supra, are presented in appellee's behalf in the instant case. She does not claim to have paid any of the premiums on the policy on the life of her former husband, or that he ever received or had the benefit of any money or property of hers, and her de-

murrer to the pleading of the administrator admits the truth of its allegations as to the judgment of divorce and its legal effect. upon the property rights of the parties. This being true, we must conclude that by virtue of that judgment and the provisions of section 425, Civil Code (Sec. 2121, Kentucky Statutes), she was divested of any beneficial interest in the proceeds of the policy in controversy and that the circuit court erred in adjudging her entitled to same. We are also of opinion that the children of Henry Conrad were properly refused the proceeds of the policy. By the terms of that instrument they could only become beneficiaries in the event of the death of appellee before that of their father. As that contingency did not occur and appellee, the original beneficiary, was deprived of any interest in the proceeds of the policy by the judgment of divorce, the right and title thereto, upon the death of the insured, passed under the statute to his administrator, who is now entitled to receive same.

For the reasons indicated, the judgment is reversed and cause remanded for the rendering of such judgment and further necessary proceedings as will accord with the opinion .