### Schauberger v. Morel's Administrator.

(Decided February 9, 1916.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

1.  Insurance—Life Insurance—Wife Named in Policy as Beneficiary —When Divorce Divests Wife of Interest in Policy.—A divorced wife cannot claim the proceeds of a life insurance policy issued to her former husband before their divorce, in which she is named as beneficiary with right reserved in the insured to change the beneficiary, even though before the divorce she paid all the premiums on the policy, as the insurance granted by the policy is property and the judgment of divorce, operating to restore to the divorced parties the title to such property as either may have obtained from or through the other during marriage, in consideration or by reason thereof, divested the wife of all right to or interest in the policy of insurance.

2.  Insurance—Right to Proceeds—Divorced Wife Entitled to be Reimbursed Out of Proceeds of Policy for Premiums Paid by Her Before Divorce.—Where a divorced wife before divorce paid four premiums on a policy on the life of her husband, the only premiums ever paid thereon, although divested by the judgment of divorce of all interest in the policy as beneficiary, she is entitled

to be reimbursed out of the proceeds thereof for the amount of the premiums paid by her, with interest on each from the time it was paid.

ROBT. L. PAGE and L. D. GREEN for appellant.

L. S. LEOPOLD for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

April 12, 1907, the Metropolitan Life Insurance Company issued a policy to Edward J. Morel, insuring his life for $1,000.00. When the policy was issued the appellant, Arrahvola Schauberger, then Arrahvola Morel, was the wife of Edward J. Morel and was named in the policy as the beneficiary, but it was provided therein that in the event of the death of the beneficiary before that of the insured, the amount due thereunder should, at the latter's death, be payable to his executor or administrator; and by a further provision of the policy the insured was given the right to change the beneficiary. In June, 1911, the appellant, Arrahvola Schauberger, then Arrahvola Morel, instituted an action in the Jefferson Circuit Court, chancery branch, first division, against Edward J. Morel, in which she sought a divorce a vinculo from the latter, and on August 23, 1911, such divorce was granted her by judgment of the court; which also restored to each of the parties such property, not disposed of at the commencement of the action, as either might have obtained, directly or indirectly, from or through the other during marriage or by reason thereof. On the 28th day of January, 1914, Edward J. Morel died in Jefferson County, the place of his residence, intestate, and shortly thereafter the appellee, Emile L. Morel, was appointed by the Jefferson Circuit Court and duly qualified as the administrator of the decedent's estate. On the 28th day of August, 1914, he, as such administrator, brought this action in the Jefferson Circuit Court, chancery branch, second division, against the Metropolitan Life Insurance Company to compel the payment to him, by it, of the amount of the policy in question, alleging that by the terms of the policy the same was due and should be paid to him as the administrator of the decedent's estate.

The Metropolitan Life Insurance Company, by answer, which it made a counter-claim and cross-petition against the appellant, Arrahvola Schauberger, admit-

ting its indebtedness upon the policy to the amount of
$994.00, which sum represented the face value of the
policy less an indebtedness of six dollars due thereon
from the insured; that the above amount of $994.00 it
was willing to pay to whomsoever the court might ad-
judge entitled thereto, but alleging that it was claimed
both by the appellee, as administrator of the decedent,
and the appellant, Arrahvola Schauberger; and that the
latter had threatened to bring suit against it for same,
for which reasons the answer was made a counter-claim
against appellee and cross-petition against appellant, it
being asked that the latter be made a party to the action
and required to assert whatever right she might have to
the proceeds of the policy. The answer, counter-claim
and cross-petition expressed the willingness of the Met-
ropolitan Life Insurance Company to pay into court the
amount due upon the policy that it might be relieved of
further liability therefor, and shortly thereafter, with
the consent of the parties and by order of the court, the
amount due on the policy was by it paid into court.

On December 19, 1914, the appellant, Arrahvola
Schauberger entered her appearance in the action, both
to the petition and cross-petition, by the filing of a plead-
ing, styled an answer and counter-claim to the appellee,
administrator's, petition, and a cross-petition against
him; also an answer and counter-claim to the cross-peti-
tion of the Metropolitan Life Insurance Company, in
which it was denied that appellee, as administrator of
the estate of Edward J. Morel or otherwise, was en-
titled to the proceeds of the policy in question or any
part thereof, and, in substance, alleged her right thereto
as the beneficiary named in the policy, which was issued
upon the life of the decedent while he was her husband,
in consideration of the premium of $22.20, required at
the time to be paid therefor, and an annual premium of
a like amount, to be paid each year thereafter by the
insured to the insurance company; that she, with money
belonging to her, paid the first premium of $22.20 and
each subsequent annual premium that became due
thereon in the years 1908, 1909 and 1910, but that she
borrowed of the insurance company on the policy, six
dollars, which was applied in part payment of the last
premium, paid in April, 1910; and that all of the prem-
iums referred to, aggregating $88.80, were paid by her
prior to the institution of her action against the deced-

ent for a divorce. It was further alleged in the answer, counter-claim and cross-petition that by the terms of the policy issued by the Metropolitan Life Insurance Company upon the life of the decedent, it was provided that after four annual premiums had been paid, after default of any subsequent premium the policy would be automatically extended and kept in force for a period of four years; that before August 23, 1911, the day upon which she was divorced from the decedent, she became vested with an absolute right in and to the proceeds of the policy, contingent upon the death of the decedent within the four years next following the payment of the last premium that was made, covered by the extended insurance, and that the decedent's death occurred within that time and without his having made any change in the beneficiary of the policy. By reason of the foregoing alleged facts appellant asked that she be adjudged entitled to the $994.00, proceeds of the policy paid into court by the Metropolitan Life Insurance Company, but that if the court should be of opinion that she was not entitled to the $994.00, that she recover, to be paid out of the fund, the aggregate amount of the annual premiums paid by her on the policy, with interest on each from the time it was paid.

The answer and reply filed by appellee to the counter-claim and cross-petition of appellant traversed the averments thereof and pleaded as a bar to the claim asserted by her to the proceeds of the policy, the judgment, of the Jefferson Circuit Court divorcing her from the decedent; and alleged that as it was thereby adjudged that each of the parties to the action for divorce should restore to the other such property, not disposed of at the commencement of the action, as either might have obtained directly or indirectly, from or through the other during marriage or in consideration thereof, such judgment divested appellant of all interest in the policy in question.

Following the taking of proof by the parties and submission of the case the court rendered the following judgment:

"This action having been heard and submitted in chief and the Court being sufficiently advised, it is considered, ordered and adjudged that by virtue of the divorce granted to the defendant and cross-plaintiff, Arrahvola Schauberger from plaintiff's decedent, Ed-

ward J. Morel, on the 23d day of August, 1911, the said
defendant and cross-plaintiff was divested of all her
right, title and interests except as hereinafter set out,
in the proceeds of the policy of insurance issued by the
defendant, Metropolitan Life Insurance Company, upon
the life of plaintiff's decedent on the 12th day of April,
1907, and that upon the death of plaintiff's decedent, the
assured, which occurred on or about the 28th day of
January, 1914, the proceeds of said policy except as here-
inafter set out became the property of the estate of the
plaintiff's decedent, Edward J. Morel, deceased.

"The records herein showing that the defendant,
Arrahvola Schauberger, did, on the 24th day of April,
1907, and on the 12th day of April, 1908, on the 12th day
of April, 1909, and on the 12th day of April, 1910, paid
the annual premium of Twenty-two Dollars and Twenty
Cents ($22.20) upon each occasion, said sum being the
amount then due by way of premium upon said policy,
making a total of Eighty-eight Dollars and Eighty Cents
($88.80), paid by defendant, Arrahvola Morel Schau-
berger, it is ordered and adjudged that of the proceeds
of said policy of life insurance paid into Court herein,
the defendant and cross-plaintiff, Arrahvola Schauber-
ger, be and she is awarded said sums so paid for prem-
iums with interest thereon at the rate of six (6) per cent
per annum from the date of each payment until paid,
and that the balance of the proceeds of said policy of
insurance be awarded to and are the property of the
estate of the decedent, Edward J. Morel.

"It is further considered and adjudged that each of
the parties, plaintiff and defendant and cross-plaintiff,
Arrahvola Schauberger, shall pay out of the sum
awarded him his own costs and the costs of the defend-
ant Metropolitan Life Insurance Company shall be as-
sessed against the plaintiff and defendant, Arrahvola
Schauberger, and that each of those parties shall pay
one-half of said costs.

"Leave to withdraw said sums is hereby granted to
said parties. To all of which the defendant, Arrahvola
Schauberger excepts and objects and prays an appeal to
the Court of Appeals, which is granted."

Appellant's dissatisfaction with the judgment led to
this appeal.

It is now a settled rule of law in this jurisdiction that
if a husband procures a life insurance policy on himself,

naming his wife as beneficiary, but with the right reserved to himself to change the beneficiary, and the parties are thereafter divorced by a judgment of a court of competent jurisdiction, the wife is thereby divested of all interest in the policy of insurance and cannot at the death of the husband claim the proceeds. In other words, the wife's interest in the policy on the husband's life is divested by the judgment of divorce, and this is true though the premiums thereon may have been paid by the wife, but in the latter case she will be entitled to be reimbursed out of the proceeds of the policy the amount of the premiums paid by her thereon. The judgment of divorce operates to restore to the divorced parties the title to such property as either may have obtained from or through the other during marriage, in consideration or by reason thereof; and this is true whether the return of the property is ordered by the judgment of divorce or in a subsequent proceeding. If the order of restoration be, as is often the case, merely formal, or none is made when the divorce is granted, any question thereafter arising as to what property shall be restored by either party to the other may be settled by subsequent proceedings.

In Sea, Adm'r v. Conrad, 155 Ky., 51, the question involved in the instant case was fully considered and decided. In that case the husband procured a policy of insurance for $5,000.00 on his life, in which the wife was made the beneficiary. The policy was what is known as a ten-year term policy, that is, in consideration of ten annual premiums the insurance company, by the terms of the policy, agreed to pay the sum of $5,000.00 to the insured's wife within sixty days after due notice and satisfactory proof of his death. The policy gave the insured the right to change the beneficiary, but such change was never made by him. After the payment of the tenth annual premium the insured was divorced from his wife. His death later followed, and in a contest between the former wife and the administrator of his estate it was held that the judgment of divorce divested her of all right to or interest in the proceeds of the policy, notwithstanding her retention of the possession of the policy from the time it was issued until his death. In the opinion it is said:

"There can be no doubt of the fact that appellee was, by the terms of the policy issued upon the life of Henry

Conrad, named therein as the beneficiary because she was his wife and by reason thereof had an insurable interest in his life; it is patent, therefore, that whatever interest or right she then had or took under the policy was acquired in consideration or by reason of her marriage to Henry Conrad. The interest or right she thus acquired was destroyed by the judgment of divorce which operated, by virtue of its terms and the provisions of the Code, to divest her of it. It is not material that there was never an actual return of the policy by her to her former husband, or that its return was never demanded by him. The mere physical retention of the policy by her, whether intentional or otherwise, did not confer upon her any right to it, and the fact that she never demanded or received the dividends that accrued and were paid upon it, and that they were demanded and received by Henry Conrad as long as he lived, shows that each of them understood that she no longer had any interest in the policy. The policy was merely evidence of the contract with the company, upon which its liability could not be enforced until the death of Henry Conrad. Had he, at any time after his divorce from appellee, instituted proceedings for that purpose, he might have compelled the delivery to him of the policy, but his failure to do so, whether it arose from a disinclination to have further litigation with his former wife, or other cause, in view of his continued collection of the dividends thereon, is not to be taken as evidencing his recognition of her right to it; nor is his administrator, by reason thereof, now estopped to claim its proceeds.

"While appellee, at no time subsequent to the divorce and before Henry Conrad's death, had an insurable interest in his life, it is unnecessary to determine whether that fact, of itself, was sufficient to divest her of any interest in the policy of insurance, it is sufficient to place our decision, as we do, on the ground that she was divested of such interest by the judgment of divorce, and the effect section 425 of the Code compels us to give it."

It is true that in the instant case the insured did not, as in the case *supra*, receive a dividend or dividends on the policy after the payment of the last annual premium thereon, but that fact does not affect the question under consideration. In the case *supra* the payment to the insured of the dividends earned by the policy after

his divorce from the wife was not a controlling fact in
the decision of the case, but was mentioned in the opin-
ion only for the purpose of showing by way of argu-
ment that notwithstanding the former wife's retention
of the policy after the divorce and until his death, she
and the insured understood that she no longer had any
interest in the policy. The opinion distinctly rests the
decision upon the conclusions that an insurance policy
is property and that any interest she may have had in
the proceeds of the policy was divested by the judgment
of divorce, although it had not expressly directed, as
did the judgment in the instant case, the restoration to
the divorced parties of the title to such property as
either may have obtained from or through the other dur-
ing marriage, in consideration or by reason thereof.
This is shown by the following further excerpt from
the opinion in the case *supra*:

"We are of opinion that the question here involved
is controlled by the provisions of Section 425, Civil
Code, and section 2121, Kentucky Statutes. Though not
in all respects identical in language, these sections are
identical in meaning, hence in this connection it will be
sufficient to quote either. Section 425, Civil Code, pro-
vides:

" 'Every judgment for a divorce from the bond of
matrimony shall contain an order restoring any prop-
erty not disposed of at the commencement of the action,
which either party may have obtained, directly or in-
directly, from or through the other, during the mar-
riage, in consideration or by reason thereof; and any
property so obtained, without valuable consideration,
shall be deemed to have been obtained by reason of the
marriage. The proceedings to enforce this order may
be by petition of either party, specifying the property
which the other has failed to restore; and the court may
hear and determine the same in a summary manner,
after ten days' notice to the party so failing.'

"It is manifestly the meaning of the Code that the
judgment of divorce operates to restore to the divorced
parties the title to such property as either may have ob-
tained from or through the other, during marriage, 'in
consideration or by reason thereof;' and this is true
whether the return of the property is ordered by the
judgment of divorce, or in a subsequent proceeding. If
the order of restoration be, as is often the case, merely

formal, or none is made when the divorce is granted, any question as to what property shall be restored by either party to the other may be settled by subsequent proceedings. Williams v. Gooch, 3 Met., 487; Smith v. Smith, 22 Rep., 225; Bennett v. Bennett, 95 Ky., 545; Johnson v. Johnson, 96 Ky., 391.''

The instant case does, however, present one feature not found in Sea, Adm'r v. Conrad, which is this, that here the former wife named as beneficiary in the policy paid all the premiums that were received by the insurance company on the policy, but this fact no more had the effect to give her a right to the proceeds of the policy than did the failure of the insured to change the beneficiary. It did and does, however, give her the equitable right to be reimbursed out of the proceeds of the policy the amount of the premiums so paid by her, with interest on each from the time it was paid. Such right is expressly recognized by the opinion in Sea, Adm'r v. Conrad, *supra,* and the several cases therein cited, and was accorded her by the judgment of the chancellor in this case. Indeed, the judgment of divorce, in divesting her of any interest which she may have had in the proceeds of the policy on the life of her former husband, compels him or his estate to restore to her the money which she paid to enable him to carry the policy, because the benefit thereof was obtained by him, as was the interest in the proceeds of the policy of which she was the beneficiary as long as they were husband and wife, in consideration and by reason of the marriage.

In Guthrie's Adm'r v. Guthrie, 155 Ky., 146, the insured died a resident of Shelby County, Kentucky, leaving among other property a policy on his life of $1,000.00 in the Northwestern Mutual Life Insurance Company. By the terms of the policy the insurance was payable to ''Mary B. Guthrie, beneficiary, wife of James M. Guthrie.'' The parties were divorced in Chicago, Illinois, on December 20, 1909. James Guthrie died May 16, 1912. The opinion expressly reaffirms the doctrine announced in Sea, Adm'r v. Conrad, *supra,* but holds that it was not applicable in that case because the divorce was obtained in Illinois and the record did not show that it was the duty of the court in Illinois to restore the property after a decree of divorce. So in refusing to divest the wife of the interest in the policy in the Guthrie case, we said:

"The appellants, however, insist that the divorce granted by the circuit court of Cook County, Illinois, and which admittedly had jurisdiction of the parties, like a Kentucky divorce decree of itself, operates to bar the right of the divorced wife, and is one of the conditions that divest her of any interest in the policy of insurance; that is, the Illinois decree should have the same effect as a divorce granted in Kentucky. The difficulty is, that appellant makes no allegation that there are, or were, in force at the time of the divorce in Illinois any laws of similar import to the Kentucky Statute and Code above referred to. Since the Illinois court had jurisdiction of the parties and the subject matter, and the record not disclosing that it was the duty of that court under the laws of Illinois to restore any property obtained through the other marriage, or in consideration, or by reason thereof, and in view of the further fact that James M. Guthrie never attempted to change the beneficiary named in the policy, we are constrained to hold that Mary B. Guthrie, named as beneficiary, is entitled to the proceeds, and the judgment of the lower court is, therefore, affirmed."

As we fully concur in the conclusions reached by the circuit court in this case, the judgment is affirmed.