## Prudential Insurance Company of America v. Orr's Administrator.

(Decided March 23, 1917.)

### Appeal from McCracken Circuit Court.

1. Divorce—Restoration of Property—Insurance Policy.—Section 425 of the Civil Code of Practice and section 2121 of the Kentucky Statutes, requiring a restoration of property in cases of divorce, cover an insurance policy upon the life of the husband and payable to the wife.

2. Divorce—Restoration of Property.—Although a judgment granting a divorce from the bonds of matrimony contains no order directing the restoration of property as between the husband and wife, as is required by section 425 of the Civil Code and section

2121 of the Kentucky Statutes, the right of restoration being given by law, may be enforced in any subsequent proceeding.

3. Appeal and Error—Trial.—Where an action at law was submitted to the court for trial, without the intervention of a jury, and the defendant failed to ask the court to state in writing its conclusions of fact found, separately from the conclusions of law, as is required by section 332 of the Civil Code of Practice, it cannot, upon appeal, complain that the court incorrectly decided the law of the case.

JAMES C. CHEEK for appellant.

EATON & BOYD for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

By its policy dated June 3, 1904, the appellant insured the life of William Orr in the sum of $1,000.00, naming his wife, Nellie A. Orr, as the beneficiary.

On March 8, 1915, Nellie A. Orr obtained a divorce from her husband, and, on January 1, 1916, he died. The policy contained a clause which permitted the insured to change the beneficiary; but he never exercised that right.

At the time of his death, William Orr owed the company $59.45 for borrowed money, leaving a balance of $940.55 due upon the policy.

The appellee Rudolph was appointed administrator of William Orr's estate, and brought this action against the company on May 19, 1916, to recover the amount called for by the policy. By its answer the company set up its debt of $59.45, above referred to; the further fact that Nellie A. Orr had paid three full premiums amounting to $94.08; and, that it had, on January 3, 1916, paid to Nellie A. Orr the balance of $940.55 due upon the policy. The company also set forth section 425 of the Civil Code of Practice, and section 2121 of the Kentucky Statutes, which provide that upon a final judgment of divorce from the bonds of matrimony, the parties shall be restored to such property undisposed of at the commencement of the action, as either obtained from or through the other before or during marriage in consideration thereof; that the divorce judgment in this instance did not so provide; that having paid the full amount due upon the policy to Nellie A. Orr, it would, in case it should be required to pay the amount of the policy to the plaintiff, be deprived of its property without due process of law, and of the equal protection of the law, and in viola-

tion of the 14th amendment to the federal constitution; and, that it would also impair the obligation of its contract, in violation of the 10th section of article I of the federal constitution.

The reply traversed the answer; and, among other things it alleged affirmatively that after the divorce and before the death of William Orr, Nellie A. Orr had remarried; that her name was now Nellie A. Cole; that the company was notified not to pay her the proceeds of said policy, before it did so; and, that said money was paid to her over the protest of the plaintiff, and after the administrator had made demand upon the defendant for the amount due by the policy. These facts are admitted by the company's failure to controvert them.

Briefly stated, appellant's defense is: (1) that the sections of the Civil Code and the statutes above referred to, which restore to the divorced parties, respectively, any and all property which the other party had received by reason of the marriage, are unconstitutional, as applied to life insurance policies wherein the divorced wife is named as the beneficiary; and, (2) that if they be constitutional, the statutes do not apply in this case because the divorce judgment did not contain a provision for the restoration of property.

A jury was waived, and, upon a trial by the court, there was a judgment for the plaintiff for $846.47, the balance due on the policy after deducting $94.08, which had been paid by Mrs. Cole, as premiums.

The appellant made no request of the circuit court for separate findings of law and facts, and, consequently, no exception was or could have been taken to the decision of the trial court upon the questions of law involved in the trial. Furthermore, there was no motion or grounds for a new trial. Under this state of the record appellee insists that this court can only determine whether the pleadings support the judgment.

Section 332 of the Civil Code of Practice provides as follows:

"Upon trials of questions of fact by the court, it shall not be necessary for the court to state its finding, except, generally, for the plaintiff or defendant, unless one of the parties request it, with the view of excepting to the decision of the court upon the questions of law involved in the trial; in which case the court shall state in writing the conclusions of fact found, separately from the conclusions of law."

The suggestion that this statute does not apply because the case was tried upon an agreed statement of facts, is not well made, since the agreement goes only to what the witnesses would testify—not that it was true.

This court has repeatedly held that the statutory provisions requiring a restoration of property in cases of divorce cover life insurance policies such as we have here, and that the statutes apply although no order of restoration was embraced in the divorce judgment, since the right of restoration is given by law, and may be enforced in any subsequent proceeding. Sea, Admr. v. Conrad, 155 Ky. 51; Schauberger v. Morel's Admr., 168 Ky. 368; Eversole v. Eversole's Admx., 169 Ky. 234; Williams v. Gooch, 3 Met. 487; Bennett v. Bennett, 95 Ky. 548; Johnson v. Johnson, 96 Ky. 391; Smith v. Smith, 22 Ky. L. R. 255, 56 S. W. 968; Hawkins v. Northern Coal & Coke Co., 145 Ky. 118; Fields v. Walker, 174 Ky. 463.

The trial court followed these decisions in giving judgment for the plaintiff, and the defendant now seeks to reverse that judgment applying the law. The failure to make a motion for a new trial eliminates from review every question except the inquiries as to whether the pleadings stated a cause of action, and whether the evidence presented by the bill of exceptions authorized the judgment. Roberts Cotton Oil Co. v. Dodds & Johnson, 163 Ky. 695; Broadway & Newport Bridge Co. v. Commonwealth, 173 Ky. 175.

The pleadings support the judgment, and there was evidence to support it, provided the law was properly decided. There remains, therefore, only a question of law.

But, in order to bring the trial court's conclusion of law to this court for review, it should have been excepted to by the appellant, in the trial court; otherwise, it stands unchallenged. The case is precisely the same as a case tried by a jury, where the defendant fails to object or except to an instruction giving the law of the case to the jury. A failure to except, in either case, bars the right to complain.

In American Mutual Aid Society v. Bronger, 91 Ky. 407, where a jury was waived, the trial court ruled that the insured's failure to correctly answer the question as to his prior application for insurance was not, in law, a material representation; and the court so stated in a separate finding of law. The company, however, failed to

except to the finding of law; and, upon its appeal, this court said:

."Whether this was a correct exposition of the law on the facts it is not necessary to decide, as there was no exception to the findings of law."

The court there further declared it to be as much necessary to except to the finding of law by the court in order to raise the question in an appellate court, as it was in a case where a jury passed on the facts under findings of law made by the court; and, that it was too late after judgment to raise the question by a motion for a new trial.

And, in answer to the suggestion that an exception to the final judgment would satisfy the code, the court said:

"It may be argued that the counsel may not know how the court will interpret the law until final judgment, and this may be so; still, an exception to the judgment would not raise the question, and, therefore, when separating the one finding from the other in a case where the court reserves a decision of the legal question until he is ready to pronounce judgment, the exception should be entered to the finding, if desired, by either party; but it seldom occurs, when the trial judge is hearing both questions of law and fact, that he fails to decide the legal question before pronouncing judgment.

"There is no necessity of separating the findings but to enable a party to except, and if a motion for a new trial. raises the question, it is then not necessary to except. The court below held, as a matter of law, that the burden was on the defendant to show something more than that the answer complained of was false, and to this finding there should have been an exception."

See also The Albin Company v. Ellinger, 103 Ky. 240; Beeler v. Sandige, 20 Ky. L. R. 1581, 49 S. W. 533.

Beeler v. Sandige, *supra,* was an action at law tried by the court, where neither a motion for a new trial nor a separation of conclusions of law and fact was made; and, in affirming the judgment, the court said:

"As no written grounds for a new trial were offered and asked to be filed within the time prescribed by the code the court could not at a subsequent term direct the filing of such grounds, then for the first time tendered, by an order *nunc pro tunc.*

"It, therefore, follows that there is nothing before this court on appeal except the inquiry as to whether the

pleadings and verdict authorized the judgment (Harper v. Harper, 10 Bush 451). . . . .

"Upon the trial of this case in the court below there was no request that the court should state separately its conclusions of law and fact; nor were any exceptions taken to its conclusions of law. And in the absence of such exceptions this court has no power to review the errors of law complained of, and as the pleadings authorized the judgment, it must be affirmed."

It follows, therefore, that appellant having failed to except to the trial court's finding of law, it cannot now complain that the court incorrectly decided the law of the case.

Judgment affirmed.