## Flimin v. Flimin's Administratrix.

(Decided Oct. 24, 1933.)

L. B. ALEXANDER for appellant.

EATON & BOYD for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

Violet Michael Flimin was married to Harry Flimin in February, 1929, and they lived together until November, 1930, at which time they separated. Thereafter the appellant, Violet Michael Flimin, filed suit in the McCracken circuit court for a divorce, which was granted in April, 1932.

Harry Flimin was a man of no means or business assets, but about the time of his marriage, his wife,

the appellant herein inherited from her father some money, and during their marriage and while they were living together Harry obtained from his wife the sum of $2,600 with which to finance a business in Indiana.

Prior to his marriage, Harry Flimin had procured of the New York Life Insurance Company a policy of insurance, insuring his life in the sum of $2,000, and soon after the marriage he named the appellant as his beneficiary in the policy. At the time the divorce was granted appellant had possession of the insurance policy which had lapsed for nonpayment of premiums, but it had an extended insurance for the sum of $1,-934.51, which policy appellant retained in her possession after their divorce.

In June, 1932, Harry Flimin died, and the appellant immediately furnished proof of his death and made a demand upon the insurance company for the said sum to her as the named beneficiary in the policy. About the same time, May N. Hunt qualified as administratrix of the estate of Harry Flimin, and she also made demand for the payment of the same sum to her as administratrix of the estate of the insured. The insurance company refused to make payment to either of the claimants at that time. In August, 1932, the appellant filed suit in the McCracken circuit court against the insurance company, by which she sought to recover the amount due under the policy. Thereupon the administratrix, May N. Hunt, filed her intervening petition, by which she sought to collect the insurance as administratrix of the estate of decedent. Soon after the appellant filed her suit against the insurance company, it, the insurance company, filed its suit in the McCracken circuit court against May N. Hunt, administratrix, and the appellant, in which it set out the issual and delivery of the policy mentioned, admitted its liability, and asked the court for permission to pay the money into the court and let the court adjudicate to whom it belonged. The two suits, Violet Michael Flimin v. New York Life Ins. Co., and New York Life Ins. Co. v. May N. Hunt, administratrix, et al., were consolidated and tried together. The appellant filed her answer to the intervening petition of May N. Hunt, administratrix, wherein she denied the appointment and qualification of the administratrix, and further denied that the administratrix was entitled to the pro-

ceeds of the insurance policy. She further pleaded affirmatively, that during the time of the marriage relations between her and Harry Flimin, Harry had obtained from her the sum of $2,600. Later, by amendment, she made her answer a counterclaim against the administratrix, and asked for an order of restoration to her of the said sum of $2,600, and that the proceeds of the policy be applied to the payment thereof. The trial court sustained the demurrer to the answer and counterclaim, and appellant declined to plead further, and the court rendered judgment wherein it was adjudged that the intervening petitioner, the administratrix, was entitled to recover the proceeds of the policy, from which judgment this appeal is prosecuted.

It is urged in the brief for appellant that the judgment should be reversed for the following reasons: (1) The appointment and qualifications of May N. Hunt as administratrix of the estate of deceased is denied, and, there being no proof offered and no exhibits filed showing same, the court erred in adjudging to her the money; (2) the court erred in awarding the proceeds of this policy to the appellee and failing to adjudge to her the proceeds of the policy sued on as a restoration of the alleged sum of money Harry Flimin obtained from her during their marriage.

The appellee alleges in her intervening petition "that she was by appropriate order of the McCracken County Court duly and regularly appointed and thereafter qualified as administratrix of the estate of Harry Flimin, deceased, and that she has been since said date and is now the duly appointed, qualified and acting administratrix of said estate. Copies of said order and qualifications will be filed if required."

Appellant, plaintiff below, in her answer to the intervening petition of the administratrix, avers that "she does not have sufficient knowledge or information to form a belief and therefore denies the appointment and qualifications of the administratrix."

It will be noticed that appellant bases her denial of the appointment and qualifications of the administratrix upon her lack of knowledge or information to form a belief with respect to the appointment and qualifications of the administratrix, and therefore denies

that such action had been taken. Matters of public record are presumptively within the knowledge of the parties, and cannot be denied on information and belief. Section 113, subsecs. 7 and 8, Civil Code of Practice; Jarrett v. L. & N. R. Co., 201 Ky. 452, 257 S. W: 17. In the petition of the insurance company against the appellant and the administratrix, it is alleged that May N. Hunt was appointed, qualified, and acting administratrix of the estate of the decedent, and these allegations are not denied. The record does not disclose that appellant urged or insisted on the court to pass on her request to require the administratrix to procure and file copies of the orders of her appointment and qualifications as administratrix. The pleadings were made up and the case disposed of on the issue as to which, the appellant or the appellee, was entitled to the proceeds of the insurance policy. Each party had its day in court and the issues were adjudicated on the merits of the case, and appellant's rights were not affected thereby. Noel's Adm'x v. Black's Adm'r; 244 Ky. 655, 51 S. W. (2d) 955.

The decisive question in this case is whether or not appellant was entitled to the proceeds of the insurance policy for reasons that she was named beneficiary therein and, if not, then was she entitled to restoration of the money furnished the deceased during their marriage under the provisions of section 2121, Kentucky Statutes, and section 425, Civil Code of Practice.

It has been repeatedly held by this court that judgment of divorce divests the wife of all interest in the insurance policy of the husband in which she is named beneficiary before or during, and in consideration of, their marriage. Sea, Adm'r v. Conrad, 155 Ky. 51, 159 S. W. 622, 624, 47 L. R. A. (N. S.) 1074, Ann. Cas. 1915C, 318; Eversole v. Eversole's Adm'x, 169 Ky. 234, 183 S. W. 494; Schauberger v. Morel's Adm'r, 168 Ky. 368, 182 S. W. 198, Ann. Cas. 1917C, 265.

It is a well-settled rule, however, that a divorced wife is entitled to be reimbursed out of the proceeds of the policy for premiums paid by her before divorced, but in the instant case there is no allegation or claim that the appellant paid any of the premiums on the insurance policy in question. She only claims to be entitled to it as a restoration and settlement of the prop-

erty rights as provided in sections of the statutes and Code, supra. In the case of Sea, Adm'r v. Conrad, supra, Conrad procured an insurance policy in 1884 and named therein as beneficiary, Eva Conrad, his wife. In 1895, a judgment of divorce was entered, divorcing the parties. In 1911 Henry Conrad died and Eva Conrad, the divorced wife, instituted her action in the Jefferson circuit court to recover of the insurance company the sum of the insurance for reason that she was named beneficiary therein. Thereafter one Andrew M. Sea, Jr., was appointed administrator of the estate of Henry Conrad, deceased, and filed his intervening petition, and asked that he recover the insurance and same be paid to him as administrator of the estate of Conrad. It was held that the administrator was entitled to the insurance. In the case, supra, the wife claimed to be entitled to the proceeds of the insurance on the sole ground that she was named beneficiary in the policy. In the course of the opinion, supra, the court used the following language:

"Appellee urges no equitable claim or right to any part of the proceed of policy, such as might have existed in her favor if she had paid the premiums on it, or that she is entitled to reimbursement out of the proceeds for money or property of hers which Henry Conrad failed or refused to restore to her following the divorce; but her only claim to the proceeds of the policy rests upon the naked ground that she is entitled thereto, because of the fact that she is named in the policy as beneficiary, and the further fact that, notwithstanding the divorce, she has retained possession of the policy."

It is argued for appellant that the language contained in the above-quoted paragraph of the opinion was tantamount to saying that the wife would have been entitled to reimbursement out of the proceeds of the insurance in the event she had furnished her husband any money or property which had not been restored to her following the divorce. But it will be noted that this question was not in issue in the case, supra, and the language used by the writer of the opinion was merely arguendo and not intended as a conclusion of law.

In the instant case if the appellant had raised the question of settlement of their property rights in the

divorce action or any time subsequent thereto, under the provisions of section 425 of the Civil Code of Practice, and before the death of her husband, a different question might have been presented. But inasmuch as this was not done in the lifetime of the decedent, upon his death, title to all his personal property then and there vested in the administratrix of his estate, and the appellant is only entitled to share as other creditors, if any. Sea, Adm'r v. Conrad, supra; Prudential Ins. Co. of America v. Orr's Adm'r, 174 Ky. 831, 192 S. W. 825, and cases cited therein. Hall v. Hall, 241 Ky. 317, 43 S. W. (2d) 1001.

The judgment is affirmed.