Charles Edward HUGHES, Appellant,

v.

Bernice Ross HUGHES, Appellee.

Court of Appeals of Kentucky.

Nov. 13, 1964.

Charles Bruce Lester and Wesley Bowen, Newport, for appellant.

Walter J. Burke and Carl H. Ebert, Newport, for appellee.

## WADDILL, COMMISSIONER.

The appellee, Bernice Hughes, was granted a divorce from the appellant, Charles Hughes, and awarded the custody of their seven children. She was allowed thirty-five dollars a week as alimony and awarded the further sum of eighty dollars a week for the maintenance of their children. The judgment contained a general provision requiring restoration of property under KRS 403.060(2) and a specific provision ordering the novelty business which these parties had been operating to be sold and the net proceeds of the sale divided equally between them.

Appellant contends that the court erred in ordering the novelty business to be sold because this property belonged to him and, consequently, should have been restored to him.

At the time of their marriage, which occurred during 1942, neither of the parties had any money or property. Appellant was employed as a mechanical supervisor for the National Multicolor Type Corporation and his duties required him to work in Cincinnati. Shortly after their marriage appellant bought a home in Bellevue, Kentucky, for $4,500. This property was valued by the trial court on May 1, 1962, at $10,200. On April 7, 1958, appellant purchased a novelty business for $3,500, the ownership of which was placed in the names of both appellant and appellee. The only income that appellee ever produced during her marriage was the salary her husband paid her for assisting him in the operation of this business. The wages she earned were either spent on herself, her family, or for some furnishings for their home.

■ Upon the uncontradicted testimony showing that appellant had earned and furnished the money for the purchase of the novelty business the trial court would ordinarily be required to restore this property to the appellant. KRS 403.060(2), 403.065; Ball v. Ball, Ky., 317 S.W.2d 870. Nevertheless, we will not reverse the judgment on this ground because shortly after this action was instituted appellant left Kentucky without complying with the alimony and maintenance order and failed to personally appear in the circuit court when a contempt rule was issued against him. Moreover, at a hearing it appeared that upon leaving the state he abandoned his novelty business, which rapidly lost money during his absence, and that he took no steps to prevent the court's sale of this property or its subsequent confirmation thereof.

■ Appellant next contends that the circuit court erred in failing to specifically order the residence, which he and his family occupied as a home, restored to him. We observe that the judgment does contain a general restoration order and that there has been no effort made to enforce it. If there yet remains any question concerning what property should be restored by either party to the other it may be settled by subsequent proceedings in the circuit court. Schauberger v. Morel's Adm'r., 168 Ky. 368, 182 S.W. 198.

Finally, appellant contends that the court abused its discretion in awarding to appellee alimony of thirty-five dollars a week and eighty dollars a week for maintenance of the children. The testimony shows that appellant owns real estate valued at $10,200 and that he earns between $10,000 and $15,000 a year from his regular employment. He claims that his physical condition is not good and his earning capacity will be reduced by this fact. We have no doubt that the circuit court considered all the relevant factors in arriving at the allowances made to the appellee and the children. Upon this record we are unwilling to say that the circuit court abused its discretion.

The judgment is affirmed.