# Warren v. Spurlock's Adm'r.

Jan. 15, 1943.

Cleon K. Calvert and W. L. Hammond for appellant.

Roy W. House for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The case is between a divorced wife, named as beneficiary in a policy of insurance upon the life of her former deceased husband, William H. Spurlock, and his estate as to who is entitled to the proceeds of $1,000. The trial court ruled that the right of the wife had been terminated by the decree of divorce and an agreed judgment settling all property rights between the husband and wife, which merely provided that the wife should have

all the furniture in their residence and the husband should pay her attorney's fees. The judgment appealed from was that his estate was entitled to the proceeds.

It is held in many jurisdictions that the interest of a wife as beneficiary in an ordinary life insurance policy in which the right to change the beneficiary is reserved to the insured is not abrogated or extinguished by the divorce of the parties. The variable decisions affirming that rule or departing from it or modifying it depend upon conceptions of insurable interest or the contract or local statutes. Couch, Cyclopedia of Insurance Law, Secs. 440h, 440i; 29 Am. Jur., Insurance, Sec. 1309. Our rulings stand out prominently in all the texts covering the subject as being founded upon Section 425 of our Civil Code of Practice and Section 2121, Ky. Stats., (now KRS 403.060), both of which provide that upon a judgment of divorce there shall be a restoration of all property either party obtained from the other. The two statutes are identical in meaning although not in language. Section 425 of the Code (which is a little more explicit) reads in part:

> "Every judgment for a divorce from the bond of matrimony shall contain an order restoring any property not disposed of at the commencement of the action, which either party may have obtained, directly or indirectly, from or through the other, during marriage, in consideration or by reason thereof; and any property so obtained, without valuable consideration, shall be deemed to have been obtained by reason of marriage."

The provision is effective whether or not the return of the property is ordered by the judgment of divorce. Schauberger v. Morel's Adm'r, 168 Ky. 368, 182 S. W. 198, Ann. Cas. 1917C, 265. Beginning with Sea v. Conrad, 155 Ky. 51, 159 S. W. 622, 47 L. R. A., N. S., 1074, Ann. Cas. 1915C, 318, and continuing through many cases down to Miller v. Miller's Adm'x, 266 Ky. 539, 99 S. W. (2d) 720, we have construed the two statutes as abrogating every right of the divorced party as beneficiary in a policy of insurance on the life of the other. This consistent construction is recognized by the appellant, but her counsel earnestly argues that it is unsound and should be overruled. The argument rests upon the premise that the right of a beneficiary in a policy reserving the power of the insured to substitute another is a

mere expectancy and not property; that the statutes do not work a cancellation of an expectancy but merely authorize a restoration of property; that the courts have no power to alter the contract; and that the failure of the insured to exercise the power reserved evidences his purpose to continue the insurance for the benefit of his former wife for whom it was effected. It is submitted, particularly, that the basis of the interpretation of the statutes that a divorced wife has no insurable interest in the life of her ex-husband cannot be justified under our ruling that one may take out insurance on his own life for the benefit of a stranger.

We observed in Sea v. Conrad, supra, that it was unnecessary to determine whether the fact that a divorced wife has no insurable interest in the life of her former husband was in itself sufficient to divest her of every right in the proceeds of the policy, it being enough to place the decision on the ground that she was divested of such interest by the judgment of divorce. It is true that the wife as named beneficiary has no vested right in the contract until the death of the insured, and what she does have is often referred to as only an expectancy, although it would seem to be a right of a little higher degree. See Parks' Ex'rs v. Parks, 288 Ky. 435, 156 S. W. (2d) 480. Our construction of the statutes is predicated upon the ground that the wife was named as beneficiary in consideration of the fact that she was the insured's wife, that is, her interest was ''obtained, directly or indirectly, from or through the other, during marriage, in consideration or by reason thereof,'' as stated in Section 425 of the Code. That right—whatever its nature or degree—we have consistently held to be embraced by the term ''property,'' as used in those statutes. The legislature has accepted this construction for 30 years. It must be regarded as the equivalent of a specific expression therein so far as contract rights acquired under it are concerned. The policy involved in this case was issued under that interpretation and it became in effect a part of it.

The court is not persuaded that its construction of the statutes is unsound; but even if it were otherwise the rule of stare decisis would constrain us to adhere to it.

The appellant submits that her case presents facts which differentiate it. The policy had been in existence

about a year when Mrs. Spurlock filed suit for a divorce. Shortly thereafter the insured advised the company that he desired to change the beneficiary from his wife to his father. He was sent a form with instructions to complete it and return with the policy for endorsement thereon. He completed and forwarded the application for a change but not the policy. The company again advised him that it would be necessary to return the policy before the change could be made. He did not do so. The divorce decree was entered apparently within a few days. The insured died six months later. He had possession of the policy all the time.

The point is made that in other cases the policy had a cash surrender value, while this one had none; and that at least some of the cases the wife had possession of the policy which she was required to surrender under the judgment of restoration. We can see no legal distinction. The first point relates to the value of the interest of the beneficiary whatever it was, and the second to the possession only of the evidence of the contract. In Sea v. Conrad, supra, the fact that the wife held the policy after the decree and there had been no attempt by the insured to obtain its possession was declared to be immaterial.

It is further submitted that the action of the insured in failing to make the change by completing the transation manifests his intention and purpose to have his ex-wife remain the beneficiary. As a negative approach to the proposition, cases are cited in which we have held that where an insured person did about all that he could do to comply with the terms of the policy respecting a change in the beneficiary, but died before it was complete, it will be considered as having been consummated. They are entirely inapplicable, for in this case the insured had ample opportunity to complete the transaction in the mode prescribed and failed to do so. The fact that he failed to change the beneficiary does not have the effect of giving to the wife a right to the proceeds because of the statutory provisions. Schauberger v. Morel's Adm'r, supra; Guthrie's Ex'r v. Guthrie, 155 Ky. 146, 159 S. W. 710; Western & Southern Life Ins. Co. v. Webster, 172 Ky. 444, 189 S. W. 429, L. R. A. 1917B, 375, Ann. Cas. 1917C, 271. We think the action of the insured in this case tends to weaken rather than strengthen the ex-wife's claims. The husband manifested his intention

to divest his wife of her right as beneficiary even before the divorce and the logical conclusion is that when the decree had been entered he learned the judgment had that effect and it would not be necessary.

Wherefore the judgment is affirmed.