H. H. Owens, Barbourville, for appellee.

## MILLS v. EPPERSON.

Court of Appeals of Kentucky.

June 5, 1953.

CULLEN, Commissioner.

Chester A. Mills brought an action against his former wife, Estie Epperson, to quiet his title to a parcel of land in Knox County. Estie counterclaimed, asking that title be quieted in her, and judgment was entered in her favor. Chester appeals.

The question is whether Estie had such an equitable title to the land as to overcome Chester's bare legal title.

Chester and Estie had been married for about 30 years prior to their divorce in 1948. In June 1943, one John M. Arthur and wife executed a deed to Chester Mills, conveying a tract of land which included the parcel here in controversy. The consideration for the deed was $10,000, of which $5,000 was paid in cash. The balance was secured by two notes of $2,500 each, payable in 12 and 24 months. The deed was not recorded, but was placed in a safe in the Mills' home.

On August 23, 1943, the Arthurs came to the Mills' home, at Estie Mills' request, and executed a new deed conveying the tract of land to Chester and Estie jointly. The balance of $5000 due on the purchase price was paid to the Arthurs at that time, and the first deed was destroyed. Chester was in an upstairs bedroom of the home at the time of this transaction, and he claims that he was asleep and knew nothing about the transaction. However, Estie claims

that she went upstairs and told him that she was paying off the Arthurs and having a new deed made, and he told her to have the new deed made any way she liked. She is partially corroborated in this by one of their children.

The new deed was recorded, but Chester states that he did not discover that fact, and did not know about the new deed at all, until some time in 1949.

In May 1948, when Chester and Estie were divorced, nothing was said or done about a property settlement although, in addition to the tract that had been purchased from the Arthurs, there were several other tracts of land in Estie's name. Chester continued for a time after the divorce to manage the Arthur tract, and collected money from timber sold off the land.

In March 1949, at the insistence of Estie, Chester joined with her in executing a partition deed to the Arthur tract, under which Chester received some 18 acres of bottom land and Estie received the balance of the tract, consisting of some 200 acres of timber and hillside farm land, with some improvements on it. The parcel received by Estie constitutes the subject of this lawsuit.

After the partition, Estie and Chester occupied and managed the respective parcels received in the partition, and Estie made substantial improvements on her parcel. This continued until November 1951, when Chester brought this action to quiet his title to the parcel partitioned to Estie.

Chester maintains that he has legal title to the land, because (1) the second deed from the Arthurs was a nullity, since the Arthurs had no title left to convey; and (2) the partition deed could not operate to vest in Estie any title to the parcel in question, because she had no title in the tract prior to the partitioning. Estie seems to concede that Chester has technical legal title, but contends that she is entitled to the land by reason of the fact that most of the purchase money was paid by her out of her own funds. She relies upon broad principles of equity.

Without detailing it, we think the evidence is sufficient to support the finding of the chancellor that Estie paid, out of her own funds, part of the original payment of $5,000 for the Arthur tract, and a considerable portion, if not all, of the remaining $5,000. She operated for many years a store which the couple had purchased in 1922, also a beauty shop, and it appears that she was an astute business woman with a better than average ability to accumulate money and property. There is ample evidence that the money she paid towards the purchase of the land was money belonging to her.

We see no reason why the courts should disturb what seems to be an equitable result achieved by the parties in the partition deed of 1949. A substantial portion of Chester's interest in the Arthur tract represented property acquired by him from or through Estie in consideration of the marriage, which could have been ordered restored to Estie in the divorce proceedings. KRS 403.060. The fact that no provision for restoration of property was included in the divorce judgment did not preclude the settlement of the question of restoration by subsequent proceedings. Sea v. Conrad, 155 Ky. 51, 159 S.W. 622, 47 L. R.A.,N.S., 1074; Warren v. Spurlock's Adm'r, 292 Ky. 668, 167 S.W.2d 858; Potts v. Potts, 299 Ky. 216, 184 S.W.2d 987.

We think that the partition deed of 1949 may be treated as a voluntary compliance with the statutory duty of restoration. It is clear that Chester could have vested good title in Estie by an outright deed of the parcel in question, and it is apparent that the parties intended to reach this result by the partition deed. We believe that the powers of the court in a suit in equity to quiet title are broad enough to give to this partition deed the effect the parties intended, so as to bar Chester's claim of title to the parcel partitioned to Estie.

The judgment is affirmed.