**Fannalea M. MORGAN et al., Plaintiffs,**

v.

**UNITED STATES of America et al., Defendants.**

**No. 1571.**

United States District Court,
E. D. Kentucky,
London Division.

Oct. 1, 1969.

James S. Greene, Jr., Harlan, Ky., for plaintiffs.

Joseph K. Beasley, Harlan, Ky., for defendants Martha Gunn, Bryant Liddell Morgan, and Dorcas Elizabeth Morgan.

George I. Cline, U. S. Atty., for defendant the United States.

### MEMORANDUM OPINION

MOYNAHAN, Chief Judge.

This case arises out of conflicting claims to a National Service Life Insurance Policy in the amount of Ten Thousand Dollars ($10,000.00) issued upon the life of Henry B. Morgan, Jr.

The policy of insurance was taken out in 1943 and was in force on the date of the death of the insured, on March 4, 1964. In the initial insurance application Martha Gunn Morgan was named as

the beneficiary and the defendant's aunt, Mary Boone Tong, was named as contingent beneficiary. On October 12, 1951, Martha Gunn Morgan was again named as principal beneficiary and the decedent's children, Bryant Liddell Morgan and Dorcas Elizabeth Morgan, were named as contingent beneficiaries. This designation of beneficiaries was in force at the date of the death of the insured. In 1954 a third child was born to the decedent and his wife, Martha Gunn Morgan; namely, a daughter, Mary Boone Morgan.

The decedent and Martha Gunn Morgan separated in 1959 and on August 18, 1959, entered into a separation agreement and property settlement, which, inter alia, made provision relative to certain commercial policies of life insurance but was silent relative to the instant National Service Life Insurance Policy. On December 1, 1959, Martha Gunn Morgan and the decedent were divorced by judgment of the Harlan Circuit Court, duly made and entered, which judgment incorporated therein the hereinbefore referred to property settlement.

On January 13, 1961, the decedent married the plaintiff, Fannalea M. Morgan, and they lived together as husband and wife until the date of decedent's death. No children were born to the second marriage.

This action involves conflicting claims by the administrator of decedent's estate, his first wife, and his second wife, relative to the entitlement of each to the proceeds of the insurance policy in question.

The judgment of divorce contains the customary provision required by Kentucky law (K.R.S. 403.060) requiring each party to restore to the other such property not disposed of at the commencement of the action as either may have obtained from the other during marriage, in consideration or by reason thereof.

The Administrator of Veteran Affairs has heretofore held that the designated beneficiary, Martha Gunn Morgan, first wife of the decedent, is entitled to the proceeds of the insurance policy. The Administrator of his estate has contended that the designated beneficiary forfeited her right to said insurance upon the granting of the divorce, and that since the designated beneficiary was living at the time of decedent's death, the contingent beneficiaries may not assert any claim to the policy proceeds, and that therefore the proceeds of the policy should be paid to the estate. The defendants, Martha Gunn Morgan, Bryant Liddell Morgan and Dorcas Elizabeth Morgan, contend that Martha Gunn Morgan, as designated beneficiary of the policy is entitled to the proceeds of same.

The United States of America has answered herein in effect saying that it is merely the stakeholder herein, and requesting the protection of the Court.

The question of law presented to the Court is succinctly stated in the memorandum of the United States as follows:

"Will a restoration provision in a divorce judgment rendered by a State Court, which adopts a property settlement that is silent as to the disposition of a National Service Life Insurance Policy, operate as a bar to recovery by the first wife-beneficiary who remains the named beneficiary at the date of the veteran's death?"

There is abundant case law in Kentucky holding that the restoration provision of K.R.S. 403.060 clearly terminates the interest of a spouse named as a beneficiary in a policy of life insurance. Bissell v. Gentry, Ky., 403 S.W.2d 15; Salisbury v. Vick, Ky., 368 S.W.2d 317; Warren v. Spurlock, 292 Ky. 668, 167 S.W.2d 858.

It would therefore appear that the plaintiffs must prevail herein if the state law is controlling. This matter appears to be one which has given the courts considerable difficulty as indicated by the apparently conflicting positions taken in O'Brien v. Elder, 250 F.2d 275 (5th Circuit, 1957) and Hoffman v. United States, 391 F.2d 195 (Ninth Circuit, 1968). However, the majority

view is that the matter is one involving the primacy of federal law and that the policy provisions are controlling. In the opinion of the Court, this conclusion is strengthened by the following language from Wissner v. Wissner, 338 U.S. 655, 70 S.Ct. 398, 94 L.Ed. 424:

"The controlling section of the Act (National Service Life Insurance Act) provides that the insured 'shall have the right to designate the beneficiary or beneficiaries of the insurance [within a designated class], * * * and shall * * * at all times have the right to change the beneficiary or beneficiaries * * *.' 38 U.S.C. § 802(g). Thus Congress has spoken with force and clarity in directing that the proceeds belong to the named benefiaries and no other."

In Legatie v. United States, 40 F.R.D. 114 (ED, NY 1966) the Court said:

"The fact that Virginia Law * * * provides that upon entry of a decree of divorce all property rights of one party in the property of the other are extinguished is impertinent; National Service Life Insurance Policies are contracts with the United States, and their terms are governed by federal statutes and regulations in determining who is to share in the benefits arising therefrom."

In the opinion of the Court the view therein expressed is the correct one.

For the reasons herein indicated, a Judgment will this date be entered dismissing the plaintiffs' complaint herein and directing that the proceeds of the instant policy of insurance be paid to the designated beneficiary, Martha Gunn Morgan.

The Court will in said order further direct that this cause be assigned for hearing relative to the allowance of an attorney's fee for the successful party, Martha Gunn Morgan, in accordance with the provisions of 38 U.S.C. § 784(g).

The Court adopts this Memorandum Opinion as its Findings of Fact and Conclusions of Law herein.