The **TRAVELERS INSURANCE COMPANY**, Plaintiff,

v.

Barbara G. **FIELDS**, Individually and as Administratrix of the Estate of Jan A. Fields, deceased, Phyllis N. Fields, Individually and as Guardian of Janet Marie Fields, Lori Alison Fields and Jan Scott Fields, minors, Janet Marie Fields, Lori Alison Fields, Jan Scott Fields, and Charles Paul Wagner, Administrator of the Estate of Jan A. Fields, deceased, Defendants.

No. 1483.

United States District Court,
E. D. Kentucky,
Covington Division.

Dec. 16, 1970.

As Corrected April 1, 1971.

---

388

William B. O'Neal, Covington, Ky., for plaintiff.

O'Hara, Ruberg & Cetrulo, Covington, Ky., for Phyllis N. Fields, Janet Marie Fields, Lori Alison Fields and Jan Scott Fields.

Stanley Chrisman, Covington, Ky., John A. Lloyd, Jr. and John A. West, Cincinnati, Ohio, for Barbara G. Fields and Charles Paul Wagner.

## MEMORANDUM

SWINFORD, District Judge.

This is an interpleader action brought by the plaintiff, The Travelers Insurance Company, pursuant to Section 1335 of Title 28, United States Code. On September 17, 1965, the plaintiff issued to The Mead Corporation, the employer of the decedent, Jan A. Fields, a group insurance policy whereby the plaintiff agreed to pay the beneficiaries of certain employees of The Mead Corporation certain specified amounts of money upon proof of death of such employees. On September 9, 1969, the decedent, Jan A. Fields, died intestate as the result of an airplane accident near Shelbyville, Indiana. It is the plaintiff's contention that Jan A. Fields' former wife and guardian of his minor children, Phyllis N. Fields, and his widow and administratrix of his estate, Barbara G. Fields, may both make claims to the insurance policy proceeds. The plaintiff, in order to avoid conflicting claims, has deposited in the registry of this court a sum of $103,-000, that being the amount of the proceeds due under the policy, and asks that the defendants, Phyllis N. Fields and Barbara G. Fields, be required to interplead in this action and litigate or settle between themselves their claims to the policy proceeds.

Both defendants have moved for summary judgment pursuant to Rule 56 of The Federal Rules of Civil Procedure. The pleadings, exhibits and affidavits show that there is no genuine issue as to any material fact. The controversy is, therefore, properly submitted to the court for judgment.

On September 17, 1965, Jan A. Fields did duly designate and nominate Phyllis N. Fields, as his wife, to be beneficiary of the insurance policy. Approximately one year later on September 27, 1966, Phyllis N. Fields was granted an absolute divorce from Jan A. Fields by decree of the Kenton County Circuit Court of Kentucky. Jan A. Fields was remarried to Barbara G. Fields on June 6, 1967, however, on the date of his death,

September 9, 1969, the designation of beneficiary remained in the name of Phyllis N. Fields.

The insurance policy was negotiated and executed in Ohio, and by its terms the place of performance was to be Ohio. Phyllis N. Fields asserts that the controversy must be characterized as a contractual matter and that this court in applying the law of the state in which it sits would be compelled to look to the laws of Ohio to determine in what manner the claims to the proceeds are to be adjudicated. The case of Baumer v. Franklin County Distilling Co., 135 F.2d 384 (6 Cir. 1943), is cited for the proposition that, "under the law of Kentucky, a contract, which by its terms refers to a particular place of performance, is to be construed by the law of the place of performance". It is argued that this court, in applying the law of Ohio, would be obligated to resolve the litigation in favor of Phyllis N. Fields, notwithstanding her divorce and the subsequent remarriage of her husband. The Supreme Court of Ohio, in ruling upon the rights of a divorced wife designated as beneficiary has stated that when a married woman is named as a beneficiary in a policy of insurance on the life of her husband, she is entitled to the proceeds of the policy, despite a divorce obtained by her before his death. Overhiser's Adm'x v. Overhiser, 63 Ohio St. 77, 57 N.E. 965 (1900).

In a more recent case the Ohio Supreme Court held:

"1. A married woman who is named as a beneficiary in a policy of life insurance is entitled to the proceeds upon the death of her insured husband, notwithstanding a divorce obtained by her from the insured before his death. The designation of the beneficiary in the policy as the wife of the insured is merely descriptive.

"2. Ordinarily, a change of beneficiary in a policy of life insurance by the insured is accomplished by following the procedure directed in the policy." Cannon v. Hamilton, 174 Ohio St. 268, 189 N.E.2d 152 (1963).

It is clear that in Ohio divorce does not affect a former wife's rights as a beneficiary, as her rights are created by the policy and not by the marriage. The fact that the husband remarries after the divorce does not alter the situation as the designation of the beneficiary as "wife of the insured" has been construed to be merely descriptive and not dispositive of a controverted claim.

The Ohio cases, unlike the present suit, involved divorces which apparently did not require a restoration by each party to the other of such property obtained from the other during or by reason of the marriage.

Barbara G. Fields contends that any and all of the rights which Phyllis N. Fields may have had to the proceeds of the policy were extinguished upon the dissolution of her marriage to the insured by reason of Kentucky Revised Statutes 403.065 and 403.060. Kentucky Revised Statute 403.065 provides in pertinent part that:

"Every judgment for a divorce from the bond of matrimony shall contain an order restoring any property not disposed of at the commencement of the action, which either party may have obtained, directly or indirectly, from or through the other, during marriage, in consideration or by reason thereof; and any property so obtained without valuable consideration, shall be deemed to have been obtained by reason of marriage."

Kentucky Revised Statute 403.060 states in part that:

"(2) Upon final judgment of divorce from the bonds of matrimony, each party shall be restored all the property, not disposed of at the beginning of the action, that he or she obtained from or through the other before or during the marriage and in consideration of the marriage."

The Kentucky Court of Appeals, in applying the above statutes to situations analogous to the present case, has adopted and consistently held the posi-

tion that an absolute divorce granted by a Kentucky court abrogates a divorced wife's rights as a beneficiary of a life insurance policy on her husband's life, despite her husband's failure to change the beneficiary after the divorce. Sea v. Conrad, 155 Ky. 51, 159 S.W. 622 (1913); Schauberger v. Morel's Adm'r, 168 Ky. 368, 182 S.W. 198 (1916); Warren v. Spurlock's Adm'r, 292 Ky. 668, 167 S.W.2d 858 (1943); and Salisbury v. Vick, Ky., 368 S.W.2d 317 (1963). A divorced wife's rights as a beneficiary were recently considered by the Kentucky Court of Appeals in Bissell v. Gentry, Ky., 403 S.W.2d 15 (1966). The opinion of Commissioner Ropke included the following language:

> "This court has held consistently that the interest of a spouse as beneficiary comes squarely within the restoration provision of KRS 403.060, and as a result, every right of a divorced party as beneficiary of a policy of life insurance on the life of the other is extinguished, except in cases where the policy on the life of one of the parties is obtained during the marriage and the other pays the premiums during the marriage. In such case he or she is entitled to continue payments and receive the proceeds of the policy upon maturity.

> \*   \*   \*   \*   \*   \*

> "There is a statement that neither Bissell nor his ex-wife paid any of the premiums on the policy in issue. It was a group policy furnished by Bissell's employer as part of the terms of his employment. The employment of Bissell was the only consideration for issuing this policy and paying the premiums necessary to keep it in force. The result is that it is as though Bissell individually procured and paid for the policy."

■ If this case is to be decided as it is thought the courts of Ohio would decide it, then it must be assumed that the Ohio courts would be required by the Full Faith and Credit clause of Article IV of the Constitution to recognize the validity of the Kenton Circuit Court divorce decree, both as to its dissolution of the marriage, and as to its resolution of property rights. While a wife's rights as a beneficiary, according to Ohio law, are not affected by an alteration of her marital status, a judgment of a court of competent jurisdiction which substantially changes a wife's property rights and specifically terminates her rights as a beneficiary, would seem to be controlling. The Ohio courts, in recognizing the divorce, must also give full faith and credit to the restoration of property order as it has been construed by the Kentucky Court of Appeals. The legal effect of a divorce judgment must be determined in accordance with the laws of the state granting the divorce, Desjardins v. Desjardins, 193 F.Supp. 210 (E.D.Ky.1961), therefore an Ohio court would be compelled to give Phyllis N. Fields' divorce the same legal effect as would a Kentucky court. Although an Ohio court may deem Phyllis N. Fields' divorce, as it affects marital status, not to have affected her interest in the policy, clearly an Ohio court would be impelled to recognize the restoration of property order, which by construction of the laws of the state wherein the divorce was granted, explicitly extinguished her rights as a beneficiary.

It is this court's opinion that judgment must be entered in favor of defendant, Barbara G. Fields and that she, as administratrix of the estate of Jan A. Fields, is entitled to the proceeds of the policy. Phyllis N. Fields' rights under the policy were abrogated on September 27, 1966, the date of the divorce, and there having been no affirmative act by the insured to restore those rights, she has no legal right to the policy proceeds. Even if this case is to be strictly characterized as a matter of Ohio contract law as defendant, Phyllis Fields, contends, Ohio contract law cannot restore to her those rights which she as a part of her divorce surrendered.

An order in conformity with this memorandum is this day entered.