Henry A. SIEGEL, Appellant,

v.

Sherrell NUNNELLEY, Administrator of the Estate of Elizabeth Fergueson Good, Dec'd. and Stephen S. Wilson, Executor of the Estate of Bessie M. Fergueson, Dec'd., Appellees.

Court of Appeals of Kentucky.

Feb. 18, 1972.

Rehearing Denied May 12, 1972.

William B. Cohen, Louisville, for appellant.

Charles B. Zirkle, Bernard S. Goldstein, Louisville, for appellees.

ROBERT O. LUKOWSKY, Special Commissioner.

This is an appeal from a summary judgment granted by the circuit court denying the claim of the plaintiff-appellant, hereinafter called Henry, for restoration of certain stock and jewelry from the estate of his deceased ex-wife.

The facts which give rise to the controversy are undisputed.

On May 17, 1944, Henry married Elizabeth Fergueson, hereinafter called Elizabeth. At that time he was on active duty as a colonel in the United States Army stationed at Ft. Knox, Kentucky. While for one reason or another the parties lived in various places during the marriage, Elizabeth never abandoned her Kentucky domicile.

During the marriage and by reason thereof, Henry gave Elizabeth the jewelry which he inherited from his mother. In December of 1953, Henry went from an active to an inactive duty status. In the summer of 1956, Henry gave and transferred to Elizabeth by reason of their marriage two hundred eighty-seven and one-half shares of preferred stock in the Auerbach Company and three hundred and eighty shares of common stock in the Auerbach Realty Company. All of this stock had come to Henry by way of inheritance and represented interests in family businesses in Salt Lake City, Utah.

However, the marital garden was not without its weeds and on October 22, 1957, Elizabeth filed suit for divorce in the Union Circuit Court. The complaint alleged that the parties had agreed upon their property rights. At this time Henry was working and living in New York. On October 26, 1957, Henry executed in New York an entry of appearance in the divorce case. At the same time and place he and Elizabeth executed an agreement in regard to divorce and property division. On October 30, 1957, a judgment of absolute divorce was entered by the Union Circuit Court. This judgment made no mention of the agreement and did not contain the restoration clause required by KRS 403.065.

On December 18, 1958, Henry sought voluntary compliance with the agreement and Elizabeth refused to perform on the basis that the agreement was void in New York as a contract to alter or dissolve a marriage and, consequently, unenforceable here. Thereafter both Henry and Elizabeth treated the agreement as null, void and of no force and effect whatsoever. In the Spring of 1959, Elizabeth transferred to Henry the three hundred and eighty shares of common stock in the Auerbach Realty Company in return for a payment of $35,000—$20,000 more than called for by the agreement. This transfer was an amicable arrangement between the parties.

Oddly enough, though the marriage deteriorated, the friendship, concern and respect of the parties one for the other did not. On July 1, 1968, Elizabeth died intestate leaving as her sole heir-at-law her mother, Bessie Fergueson. On September 30, 1968, Bessie Fergueson died testate devising her entire estate to the Masonic Widows and Orphans Home. At the time of her death, Elizabeth still had the jewelry and the two hundred eight-seven and one-half shares of preferred stock in the Auerbach Company.

On January 23, 1969, Henry commenced this action in the Jefferson Circuit Court seeking restoration of the jewelry or its

cash value, the preferred stock in the Auerbach Company, including dividends since the date of Elizabeth's death, and one hundred shares of United Gas Corporation stock, which was not a gift from him, including dividends since the date of Elizabeth's death. A considerable file was developed by the use of discovery techniques and all parties to the action moved for summary judgment. The learned trial judge was of the opinion that Henry's claim was based upon a liability created by statute, and consequently was barred by the five-year Statute of Limitations, KRS 413.120(2). Henry maintains that his claim is one to enforce a judgment and is governed by the fifteen-year Statute of Limitations, KRS 413.090(1).

KRS 403.065 provides in part:

"Every judgment for divorce from the bond of matrimony *shall* contain an order restoring any property not disposed of at the commencement of the action, which either party may have obtained, directly or indirectly, from or through the other, during marriage, . . . by reason thereof . . . ." (Emphasis supplied).

The mandate of the legislature is lucid and absolute. Relying on the maxim that the law regards as done that which ought to be done, we have held, in effect, that every judgment of absolute divorce contains this order whether it appears there in words or not. Sea v. Conrad, 155 Ky. 51, 159 S.W. 622; Warren v. Spurlock's Adm'r., 292 Ky. 668, 167 S.W.2d 858, and a legion of other cases.

The statute without the judgment is mere verbiage, but the judgment always contains the order required by the statute either in actuality or by judicial interpretation. It is the judgment, by virtue of the statute, which creates the right to restoration.

It is apparent from the foregoing that Henry's action is not one based upon a liability created by statute but is rather one to enforce a judgment. The trial court was in error when it held that Henry's claim was barred by the five-year Statute of Limitations.

The defendants-appellees rely heavily on the case of Hughes v. Hughes, 162 Ky. 505, 172 S.W. 960, which is inapposite here. That case did not determine the applicability of the Statute of Limitations, but rather the right of a defendant constructively summoned to have an action retried.

Since the transaction by which Elizabeth returned to Henry the stock in the Auerbach Realty Company was consensual and amicable, we are unable to perceive any valid theory by which this could give rise to a claim by Henry to stock in the United Gas Corporation. The trial court correctly entered summary judgment denying Henry any right to the United Gas stock.

The judgment of the circuit court is affirmed in part and reversed in part and this cause remanded for further proceedings consistent herewith.

All concur.