**H. B. KINSOLVING, III, Administrator of the Estate of Charles T. Ethington, Deceased, Plaintiff,**

**v.**

**Bonnie Lou Ethington McGEE and United States of America, Defendants.**

**No. 411.**

United States District Court,
E. D. Kentucky,
Frankfort Division.

Jan. 9, 1973.

Kinsolving & Kinsolving by Lucien L. Kinsolving, Shelbyville, Ky., Smith & Smith by S. Russell Smith, Louisville, Ky., for plaintiff.

Eugene E. Siler, Jr., U. S. Atty., by Louis DeFalaise, Asst. U. S. Atty., Lexington, Ky., for defendants.

## MEMORANDUM

SWINFORD, District Judge.

The record of this case is before the court on the plaintiff's motion to amend this court's order of October 5, 1972, and to remand the action to the Shelby Circuit Court of Shelby County, Kentucky. The parties having been placed on terms to do so have filed briefs and the motion is now before the court for decision.

In the memorandum accompanying the order of October 5, 1972, the court wrote that it did not have jurisdiction upon removal, because it appeared that the state court in which the action was commenced was without subject matter jurisdiction. The action was dismissed with leave to commence anew in this court. The principal thrust of the plaintiff's motion to amend and to remand is that the state court was a proper forum in which to initiate the action, and that this court cannot, in fact, have jurisdiction over the dispute. The plaintiff argues that the United States was never anything more than a nominal party to the action and has asked that it (the United States) be dismissed and that the action be remanded to the Shelby Circuit Court. It seems to the court that the plaintiff has altered his posture somewhat from that which he assumed in his original complaint, but before discussing the merits of his motion to amend and to remand some discussion of the historical background of this suit is proper.

The suit was commenced in the Shelby Circuit Court on August 30, 1972, by H. B. Kinsolving, III, administrator of the estate of Charles T. Ethington, deceased. The named defendants were Bonnie Lou Ethington McGee, the deceased's divorced wife, and the Veterans Administration. The plaintiff was suing to recover the proceeds of certain National Service Life Insurance policies. The policies named Bonnie Lou Ethington as beneficiary. Bonnie Lou was divorced from the deceased subsequent to the time she was named beneficiary and it was the contention of the plaintiff that under Kentucky's restoration of property statute, the proceeds of the policies had to be distributed to the estate of the deceased rather than the named beneficiary. There is well established authority to the effect that a wife named as beneficiary on an insurance policy on the life of her divorced husband is not entitled to the proceeds if the premiums had not been paid out of her own private funds but from monies to which she had no claim but for her marriage. Bissell v. Gentry, 403 S.W.2d 15 (Ky.1966); *but see* Morgan v. United States, 315 F. Supp. 213 (E.D.Ky.1969). On September 5, 1972, the Shelby Circuit Court entered a default judgment in favor of the plaintiff and directed the Veterans Administration to pay the policies' proceeds to the clerk of the court. Thereafter on September 26, 1972, the United States

**1208**

petitioned this court for removal and moved to set aside the entry of the judgment of default. The court dismissed the action with leave to commence it anew, holding that under section 784 of Title 38 U.S.C. federal district courts have exclusive jurisdiction over disputed claims as to the proceeds of National Service Life Insurance policies. The memorandum of the court explained that where the state court could not have had jurisdiction in the first instance the federal district court could not have jurisdiction on removal. The effect of the October 5 order was, of course, to nullify the state court's entry of default judgment requiring the Veterans Administration to pay the proceeds to the circuit court clerk. Following the dismissal of the action the plaintiff made his present motion to amend and to remand to the Shelby Circuit Court.

If the action commenced by the plaintiff in the Shelby Circuit Court was in the nature of a claim under section 784 of Title 38 U.S.C. then the court is satisfied that it was a matter for the exclusive jurisdiction of the federal courts. If that is the case then it is clear that the Shelby Circuit Court could not have had jurisdiction and this court's order of dismissal was correct.

■ Section 784 reads in part as follows:

"In the event of disagreement as to claim . . . under a contract of National Service Life Insurance . . . between the Veterans' Administration and any person or persons claiming thereunder an action on the claim may be brought against the United States . . . in the United States District Court . . ."

It is generally agreed that in suits brought against the Veterans Administration prior to payment of the policy proceeds the federal district courts have exclusive jurisdiction. The words "may be brought against the United States . . . in the United States District Court" probably should read "must be brought . . . in the United States

District Court". In Fleming v. Smith, 69 Wash.2d 277, 418 P.2d 147 (1966), the Supreme Court of Washington recognized exclusive federal jurisdiction in section 784 actions. The Court stated:

"It is beyond dispute that if, before payment, there are contesting claims to the proceeds of a National Service Life Insurance policy, the sole jurisdiction to determine who is entitled thereto is, by Congressional enactment, vested solely in the Veterans' Administration and the federal courts."

In determining whether the plaintiff's claim is in the nature of a section 784 controversy, the court must be guided by the cause of action stated in the plaintiff's initial complaint. Whatever the plaintiff may now contend was intended by that complaint is only relevant if it conforms to the allegations and demands made therein.

The plaintiff contends that the claim was and is solely between the estate of the deceased and the named beneficiary. It is argued that there was and is no disagreement between the estate of the deceased and the Veterans Administration as to whom the proceeds of the policies must be paid, and it is further argued that there can be no disagreement as contemplated by section 784 until a claim has been made against the Veterans Administration and denied.

The court is of the view, however, that the tenor of the complaint of the plaintiff sets out a claim against the Veterans Administration. The plaintiff indicated in the complaint that the Veterans Administration had intended to pay the proceeds to the named beneficiary. It was requested in the complaint that service of process be made upon the Veterans Administration and prayed that the Veterans Administration be made to pay the proceeds of the policies to the clerk of the Shelby Circuit Court so that they could be paid to the estate of the deceased. Certainly it must be concluded that the Veterans Administration was an indispensable party to that

action and that a claim for affirmative relief was being made against it. It is clear to the court that the plaintiff was attempting to compel the Veterans Administration to do that which it had intended not to do. In essence the plaintiff was contending that the estate of the deceased was the proper beneficiary rather than the named beneficiary, and was asking that the Veterans Administration be made to pay the proceeds to the estate of the deceased rather than to the named beneficiary.

The plaintiff's assertion that there could not have been a section 784 disagreement between the estate of the deceased and the Veterans Administration because no administrative claim had been made and rejected is technically correct, but it does not change the gravamen of the complaint. The Tenth Circuit Court of Appeals stated in Leyerly v. United States, 162 F.2d 79 (1947), that:

". . . a disagreement is a jurisdictional prerequisite to the maintenance of a suit on (a National Service Life Insurance Policy) . . . And a disagreement arises only when a claim has been filed with the Veterans Administration, and rejected."

In Fleming v. Smith, supra, the Court said:

"In 38 U.S.C. § 784 suit in federal court is authorized only '(i)n the event of disagreement as to claim * * *.' A 'disagreement' arises only when a claim has been properly filed with and rejected by the Veterans' Administration."

The requirement that there have been a rejected administrative claim before suit can be commenced in federal court is simply a requirement that administrative remedies be exhausted before judicial action is taken. The fact that administrative remedies in this action may not have been pursued or exhausted simply means that the case was not ripe for adjudication in the federal courts, it does not mean that the action was not in the nature of a section 784 claim.

The court believes that the determination of whether this suit was in the form of a section 784 action is resolved by the fact that it was brought prior to the distribution of the policies' proceeds and was an attempt to have the Veterans Administration pay the proceeds to someone other than the named beneficiary. Whether the action would have run counter to the anti-assignment statute (38 U.S.C. § 3101) as suggested by the United States need not be decided now. The court is satisfied that the complaint, despite lack of exhaustion of administrative remedies, stated a claim arising out of a disagreement between the plaintiff and the Veterans Administration as to the entitlement to the proceeds of the insurance policies. The complaint stated that the Veterans Administration intended to pay the proceeds to the named beneficiary. The plaintiff disagreed with the Veterans Administration's decision to pay the proceeds to the named beneficiary and attempted to compel it to pay the proceeds to the estate of the deceased via the clerk of the Shelby Circuit Court. Because that controversy was in the nature of one over which the federal courts are to have exclusive jurisdiction the default judgment of the Shelby Circuit Court was a nullity and the removal petition was without effect. An order will this day be entered overruling the plaintiff's motion to amend and remand and affirming this court's order of October 5, 1972.