Joseph M. **SHELLMAN**, Appellant,

v.

**INDEPENDENCE LIFE AND ACCIDENT INSURANCE COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

March 14, 1975.

Rehearing Denied June 20, 1975.

Malcolm R. Boaz, Mayfield, for appellant.

Carroll Hubbard, Jr., Farland Robbins, L. M. Tipton Reed, Jr., Mayfield, William E. Scent, Hopkinsville, William H. Parham, Mayfield, for appellees.

PALMORE, Justice.

Joseph M. Shellman appeals from a summary judgment made final under CR 54.-02, determining that the facts established thus far in this proceeding preclude his recovering the proceeds of an insurance policy on the life of his divorced wife, Maydee.

The policy was issued on March 10, 1967, for a renewable term of five years. In the application Maydee's occupation was listed as the co-owner of a retirement home and her duties were described as "managerial." Joseph was named as the beneficiary and a daughter, Lana Susan, as contingent beneficiary. Joseph also was shown on the application as "owner" of the policy. The application was signed by both Joseph and Maydee. A printed statement, "Only one signature required when proposed insured is the applicant," appears under the signatures.

On one of the policy attachments, following a renewal provision, the following endorsement is typewritten:

"In accordance with the application the owner of this policy is Joseph M. Shellman. The owner shall have the sole right to exercise all privileges under this policy and to agree with the Company as to any changes in or amendments to this policy. Dated March 10, 1967.

INDEPENDENCE LIFE AND
ACCIDENT INSURANCE CO.
/s/ R. Herm
Assistant Secretary"

At the same time the policy on Maydee's life was issued another policy was issued by the same insurer on Joseph's life with Maydee as the designated beneficiary. That policy is not in the record before us, so we do not know what it provided with respect to ownership or what was shown

on the face of the application. It was allowed to lapse after one year.

It is stipulated that when the two policies were issued the Shellmans were partners in the operation of Meadowview Retirement Home. Premiums for the first year were paid by a check in the amount of $1094.64 drawn on the partnership account. The premium covering the policy on Maydee's life for the second year of the term was paid by a check in the amount of $308.00, also drawn on the partnership account. The premium for the third year on this policy was paid by a $308.00 money order purchased by Joseph.

The Shellmans were divorced on October 31, 1969. In February of 1970 Maydee paid the fourth premium of $308.00 by personal check, though Joseph had retained possession of the policy. She died on October 28, 1970.

There is a good deal more to the story than has been disclosed here, but at this juncture we have only to decide whether Joseph's rights as the beneficiary of the policy on Maydee's life were terminated by the divorce. We think they were not.

While it is true that with certain exceptions our cases have hewed to a general principle that the interest of one spouse as the beneficiary of insurance on the life of the other is divested by divorce, the rationale for such a result has been that it was compelled by the restoration statutes, KRS 403.060 and 403.065, which, though now repealed and replaced by KRS 403.190, were in effect at the time the Shellmans were divorced. Warren v. Spurlock's Adm'r, 292 Ky. 668, 167 S.W.2d 858, 859 (1943). In this case, however, the insurable interest of Joseph in the life of Maydee at the time the policy was procured did not depend entirely upon his status as her husband, but existed also by reason of their business partnership. He could have insured her life for his benefit even if they had never been married. Bissell v. Gentry, Ky., 403 S.W.2d 15 (1966), in which the wife was made the beneficiary of a policy taken out on her husband's life by his employer, is not in point, because the wife's insurable interest existed only by virtue of the marriage.

Except for the effect of divorce upon an insurable interest existing solely by virtue of the marriage, this court has "recognized the general rule that cessation of insurable interest does not affect the validity of an insurance contract where the insurable interest existed at the time the policy was issued." Ficke v. Prudential Ins. Co. of America, 305 Ky. 172, 202 S.W.2d 429, 431, 175 A.L.R. 1215 (1947). See Couch on Insurance 2d, §§ 24.122, 24.125.

Since at the time the policy naming him as beneficiary was issued Joseph's insurable interest in Maydee's life did not exist solely by reason of the marriage, it was not divested by the divorce. And since the policy gave him the exclusive right to change the beneficiary, no attempt by Maydee to effect such a change could have been effective. We are of the opinion that the summary judgment should have been in favor of Joseph Shellman rather than against him.

The judgment is reversed with directions for further proceedings consistent herewith.

All concur.

LUKOWSKY, Justice (concurring).

I agree that the judgment should be reversed but do not believe it is necessary to distort the general rule governing the cessation of insurable interest in order to reach that result. The case should be decided on the basis of procedural law and the existence of factual issues. C.R. 56.03.

The "gut" issue here is whether the appellees have conclusively established that Joseph applied for and obtained the insurance policy on the life of Maydee as her "marital partner" rather than as her "business partner" since the restoration statutes affect only property obtained from or

through the other spouse by reason of marriage and in consideration thereof.

Even if we assume, arguendo, that all facts bearing on this issue are undisputed in the record, the inferences that may be drawn therefrom are not. A case in such a posture is not ripe for summary judgment. Pessin v. Keeneland Association, D.C.Ky., 45 F.R.D. 10.

I would reverse the judgment and remand for further proceeding consistent herewith.