Ann P. DENTON, Administratrix of the Estate of James F. Ping, Deceased, Appellant,

v.

The TRAVELERS INSURANCE CO. and Iva Mildred Thomas Ping, Appellees.

Court of Appeals of Kentucky.

June 24, 1977.

Discretionary Review Granted Oct. 4, 1977.

David Denton, Paducah, Gary L. Herfel, Cincinnati, Ohio, for appellant.

Wm. B. O'Neal, Cincinnati, Ohio, for Travelers Ins. Co.

James A. Dressman, Covington, for Iva Ping.

Before REYNOLDS, HAYES and GANT, JJ.

REYNOLDS, Judge.

Appellant, administratrix of deceased brother's estate, sued appellee, The Travelers Insurance Company, for life insurance proceeds which the Company had paid to the designated beneficiary, Iva Ping, the decedent's divorced wife. The Company had filed a third party action against the former wife for indemnity. The Kenton Circuit Court entered a summary judgment for the appellees, ruling that Travelers was without notice of any other claim to the proceeds and further that the interest of the wife as beneficiary was not necessarily terminated by divorce. This appeal followed.

James Ping was an insured under a group life insurance policy issued by the appellee, The Travelers Insurance Company. On May 22, 1971, he designated Iva Ping, appellee, as the policy beneficiary. James and Iva were subsequently married on January 1, 1972, and were divorced on April 9, 1973. James Ping died on August 16, 1973, and a sister, Ann Denton, qualified as personal representative of the estate. The appellee insurance company paid the proceeds of the policy to Iva Ping on October 16, 1973, as she remained, of record, the designated beneficiary. On October 24, 1973, the appellant, decedent's estate, gave notice of its

claim under the policy and was refused payment of the insurance proceeds from the appellee insurance company.

■ It is maintained that the insurance company failed to plead an affirmative defense of payment. The insurer's answer, in a separately designated paragraph, sufficiently raised an affirmative defense with reasonable clarity as to show that payment had been made within the terms of the policy to the person then designated as being entitled to the benefits. CR 8.03 and 10.02. We discern no difficulty with an analysis of the pleading. The insurer's position is clearly understandable, and the matter substantially constitutes an affirmative defense of payment by the insurer so as to raise its discharge from liability from other claims under the insurance policy. KRS 304.14–260. There was no issue of notice, prior to payment, so as to prevent the insurer from being fully discharged from all claims under the policy, nor was there any irregularity or principle of insurable interest to void the application of KRS 304.14–260. *Aetna Life Insurance Co. v. Simmons,* Ky., 277 S.W.2d 13 (1955). On this issue, the trial court properly entered summary judgment for the appellee, The Travelers Insurance Company.

■ The parties by oral argument and brief thoroughly reviewed and analyzed the appellant's remaining issue, that the trial court erred in holding that the divorce decree did not extinguish the ex-wife's expectancy as the beneficiary in the decedent's group life insurance policy. The courts under their decisions long anchored to legal principles established in Kentucky have hewed to a general principle that the interest of one spouse as the beneficiary of insurance on the life of the other is divested by divorce. Justice Palmore in *Shellman v. Independence Life and Accident Insurance Company,* Ky., 523 S.W.2d 221 (1975), has stated that the rationale for such a result has been that it was compelled by the restoration statutes, KRS 403.060 and 403.065. These statutes had been repealed at the time of the judgment of divorce between Iva and James Ping and were replaced by KRS 403.190.

An examination of the statutes in question is necessary in order to ascertain whether the repeal of KRS 403.060 and 403.065 and their replacement with KRS 403.190 was sufficient to change the law in Kentucky. Relative to the subject matter of this case, KRS 403.065 provided: "Every judgment for a divorce . . . shall contain an order *restoring* any property not disposed of at the commencement of the action . . . ." (Emphasis added).

KRS 403.060(2) provided: "Upon final judgment of divorce . . . each party shall be *restored* all the property . . . ." (Emphasis added).

KRS 403.190(1) states: "In a proceeding for dissolution of the marriage . . . the court shall *assign* each spouse's property to him." (Emphasis added).

Thus, we are again required to play the game of semantics and determine whether or not the changing of the word "restore" to the word "assign" has the effect of altering a long line of cases in Kentucky which have held that a divorce abrogated every right of the divorced party as beneficiary of a policy of insurance on the life of another unless there was a showing that the divorced party had paid the premiums for the insurance on the life of the other. We find no meaningful change in the effect of the new law.

The insurance contract was of a class identified as a group policy based upon an employment relationship and did not require any further affirmative action, such as periodic payment of premiums, by the insured. There is little distinction, if any, between the case before us and the case of *Bissell v. Gentry,* Ky., 403 S.W.2d 15 (1963). In both that case and the case at bar there was an insurance policy carried by the company on the life of the husband on which neither the husband nor the ex-wife paid any of the premiums. In that case, the court held that an absolute divorce bars the wife's recovery as a designated beneficiary of insurance policies on her husband's life. The court stated therein:

This court has held consistently that the interest of the spouse as beneficiary comes squarely within the restoration

provisions of KRS 403.060, and as a result, every right of a divorced party as a beneficiary of a policy of life insurance on the life of the other is extinguished, except in cases where the policy on the life of one of the parties is obtained during the marriage and the other paid the premiums during the marriage. In such case he or she is entitled to continue payments and receive the proceeds of the policy upon maturity.

\* \* \* \* \* \*

There is a statement that neither Bissell nor his ex-wife paid any of the premiums on the policy in issue. It was a group policy furnished by Bissell's employer as a part of the terms of his employment. The employment of Bissell was the only consideration for issuing this policy and paying the premiums necessary to keep it in force. The result is that it is as though Bissell individually procured and paid for the policy.

In *Salisbury v. Vick*, Ky., 368 S.W.2d 317, this court said, "After the divorce, having been compelled by law to surrender her rights in the insurance contract, the former wife is a complete stranger to it. And, citing *Warren v. Spurlock's Adm'r.*, 292 Ky. 668, 157 S.W.2d 858: "Under KRS 403.060(2) and 403.065, as construed in *Warren v. Spurlock's Adm'r.*, (292 Ky. 668, 167 S.W.2d 858), . . . and numerous other cases, every right appellee had in this insurance policy as a beneficiary was abrogated by the divorce." *Bissell, supra* at 16, 17.

In the instant case, the only distinguishing feature was the fact that the husband designated his ex-wife as a beneficiary prior to their marriage but designated her as his wife and this was clearly in contemplation of the marriage which was subsequently consummated.

 The word "assign" is clearly more inclusive than the word "restore" as used in the former statutes. As set out in KRS 403.190, "assign" would include both restoration of the individual property of each spouse and a division of the properties as described therein which constitute marital property. It should be pointed out that

while none of the previous cases terminating the right of the designated beneficiary in the insurance policy of a divorced spouse refer to KRS 392.090, this statute was not repealed at the time of the adoption of the so-called "no-fault" divorce and states as follows: "(1) Absolute divorce bars all claim of either husband or wife to the property, real and personal, of the other after his or her decease." We interpret KRS 403.190 and KRS 392.090 together to dictate that under the circumstances of this case the dissolution of marriage divested Iva Ping of any interest she enjoyed as beneficiary of the life insurance policy of her former husband, James Ping.

Accordingly, the judgment herein is affirmed as to The Travelers Insurance Co. and reversed as to the appellee, Iva Mildred Thomas Ping, and the case is remanded for proceedings consistent herewith.

ALL CONCUR.