**KENTUCKY CENTRAL LIFE INSUR-
ANCE COMPANY, Appellant,**

v.

**Charlie Mae WILLETT, Edna F. Willett
and J. N. Whitsell, d/b/a J. N.
Whitsell & Son, Appellees.**

Court of Appeals of Kentucky.

Oct. 14, 1977.

Merle C. Clark, Kincaid, Wilson, Schaeffer & Hembree, Lexington, for appellant.

J. Quentin Wesley, Wesley & Simpson, Ben B. Stockton, Jr., Sidney H. Hulette, Ruark & Hulette, Morganfield, for appellees.

Before HOGGE, LESTER and HOWARD, JJ.

HOGGE, Judge.

This is an appeal from a judgment in a suit filed by the appellant seeking a declaration of rights under a life insurance policy.

On September 15, 1968, during the marriage of the appellee, Charlie Mae Willett, to Paul L. Willett, an insurance policy on the life of Paul L. Willett was issued. Charlie Mae Willett was designated the primary beneficiary and the appellee, Edna F. Willett, mother of Paul L. Willett, was named as the contingent beneficiary.

Subsequent to the issuance of the life insurance policy, the marriage of Paul L. Willett and Charlie Mae Willett was dissolved. A property settlement agreement was entered and incorporated into the Decree of Dissolution of Marriage. However, neither the property settlement agreement nor the decree made reference to the aforementioned life insurance policy.

On February 16, 1976, Paul L. Willett died as a result of a gunshot wound inflict-

ed during the course of a struggle. Elmyra Sue Johnson was tried and found guilty of reckless homicide in the death of Paul L. Willett. Thereafter, the appellant filed suit seeking a declaration of rights of the various claimants to the proceeds of the life insurance policy.

The trial court adjudged that the proceeds of the policy should be paid to Edna F. Willett, and further adjudged that the death was accidental so as to accrue to the beneficiary the rights under the double indemnity provisions of the policy.

First, the appellant contends that it was error for the trial court to hold that the divorce decree extinguished the ex-wife's expectancy as the beneficiary in the decedent's life insurance policy. The Court of Appeals has long held that the restoration statutes, KRS 403.060 and 403.065, compel that the interest of one spouse as the beneficiary of insurance on the life of the other is divested by divorce. *Bissell v. Gentry*, Ky., 403 S.W.2d 15 (1966).

However, those statutes have been repealed and are replaced by KRS 403.190. A comparison of the old and new statutes is necessary to determine whether this change has affected the law of this state. KRS 403.060(2) provided in part: "Upon final judgment of divorce . . . each party shall be *restored* all property . . ." (Emphasis ours.)

KRS 403.190(1) provides in part: "In a proceeding for dissolution of the marriage . . . the court shall *assign* each spouse's property to him." (Emphasis ours.)

In construing KRS 403.060 and KRS 403.-065 in this regard, the court has, in effect, said that this contract right, or whatever, is embraced in the word "property" as used therein. In *Warren v. Spurlock's Adm'r*, 292 Ky. 668, 167 S.W.2d 858 (1943) the court said:

. . . Our construction of the statutes is predicated upon the ground that the wife was named as beneficiary in consideration of the fact that she was the insured's wife, that is, her interest was "obtained, directly or indirectly, from or through the other, during marriage, in consideration or by reason thereof," as stated in Section 425 of the Code. *That right—whatever its nature or degree— we have consistently held to be embraced by the term "property" as used in those statutes.* The legislature has accepted this construction for 30 years. It must be regarded as the equivalent of a specific expression therein so far as contract rights acquired under it are concerned. The policy involved in this case was issued under that interpretation and it became in effect a part of it. [Emphasis ours.]

In KRS 403.190(1) the word property again appears, ". . . the court shall assign each spouse's *property* to him." Because of the construction placed by the court on "property", and because the legislature continued the use of the word in the new statute without any limitations, we cannot find any intent on the part of the legislation to change the law in this regard.

Neither do we find that the change from the word "restore" to the word "assign" has had the effect of changing the well accepted rule that one spouse's interest as beneficiary of the insurance on the life of the other spouse is terminated by their divorce. We do not assign any significance to whatever slight variation there may be in the meaning of those two words.

We accordingly hold that KRS 403.-190(1) does not alter or change the rule that divorce bars the spouse's recovery as a designated beneficiary of life insurance policies on the other's life. This holding is in accord with a very recent decision of this court on this same question, *Denton v. Travelers Insurance Company*, Ky.App., 555 S.W.2d 825 (1977) wherein it is stated, "We find no meaningful change in the effect of the new law."

Accordingly, we are of the opinion that the dissolution of the marriage of Paul L. Willett and Charlie Mae Willett divested Charlie Mae Willett of any interest she had as beneficiary of the life insurance policy on her former husband.

Next, the appellant alleges that it was error for the trial court to conclude that the death of Paul L. Willett was the result of accidental means, as used within the meaning of the insurance policy, and, therefore, the double indemnity provision therein applied.

■ The general rule is that an effect is not accidental if the consequence of an act can be reasonably anticipated, or is the natural and probable consequence, or if the consequence is not unusual. *National Life & Accident Insurance Company v. Jones*, 260 Ky. 404, 86 S.W.2d 139 (1935).

In this case, the decedent and Elmyra Sue Johnson were seated in the front seat of an automobile. They began arguing, and the decedent started slapping his assailant. He then picked the gun off the seat and waived it around then laid it back on the seat. Elmyra Sue Johnson then picked up the gun and pointed it at the decedent. He then grabbed for the gun and in the struggle it discharged, killing him.

■ The question thus before us is whether the decedent, in grabbing for and struggling over the gun, should reasonably have anticipated that the gun may have discharged and that he may have been injured; was his injury the natural and probable consequence of his act; was it unusual that he was so injured? In our view, the decedent demonstrated a reckless disregard for an obvious danger and thereby contributed to his own fatal injury, and that same was not accidental.

Accordingly, that portion of the judgment holding that the rights of Charlie Mae Willett as beneficiary on the life insurance policy of her former spouse were extinguished by reason of their divorce is affirmed. That portion of judgment holding that the decedent's death was the result of accidental means, is hereby reversed. This case is remanded for further proceedings consistent with this opinion.

All concur.