OPINION OF THE COURT
On May 23, 1981 William Fryman was killed in a motorcycle accident. It is undisputed that at the time of the accident Fry-man had a blood alcohol level of .20 and was operating his motorcycle at an excessive rate of speed. Fryman had been covered by a group life policy issued from the appellee, Pilot Life Insurance Company, through Fryman’s employer. The policy provides $10,000 basic life coverage with a double indemnity provision where death is caused solely by “external, violent and accidental means.”
The issue submitted to the trial court was whether Fryman’s death fell within the definition of “accidental” death so as to entitle his estate to the extended coverage. *206 The trial court held that Fryman’s wreck was by “accidental means” since there was no allegation or inference that the wreck was designed or planned in advance. The Court of Appeals reversed, holding that death is not caused by accidental means if it is a foreseeable result of a voluntary and unnecessary act or course of conduct of the insured. We reverse.
We are of the opinion that Fryman’s death was accidental within the terms of the policy in question. The words “accident”, “accidental”, and “accidental means”, as used in insurance policies, have never acquired a technical meaning in law, and must be interpreted according to the usage of the average man and as they would be read and understood by him in the light of the prevailing rule that uncertainties and ambiguities must be resolved in favor of the insured. Donohue v. Washington Nat. Ins. Co., 259 Ky. 611, 82 S.W.2d 780 (1935). An accident is generally understood as an unfortunate consequence which befalls an actor through his inattention, carelessness or perhaps for no explicable reason at all. The result is not a product of desire and is perforce accidental. Conversely, a consequence which is a result of plan, design or intent is commonly understood as not accidental.
Although there is no Kentucky case law directly on point, efforts have been made in the past to define “accident” and “accidental means” within the context of double-indemnity provisions in life insurance contracts. See e.g. Donohue, supra; Kentucky Central Life Insurance Company v. Willett, Ky.App. 557 S.W.2d 222, (1977).
In the Willett case, the decedent attempted to wrestle a gun away from an assailant and in the ensuing struggle, was killed when the gun discharged. The court held that the death was not “accidental” since the decedent demonstrated a reckless disregard for an obvious danger and thereby contributed to his own injury. The fundamental flaw with such a rule is that it subjects contract terms to analysis under tort principles, such as fault and foreseeability.
It has also been argued that Kentucky courts have long been willing to imply intent in criminal cases and that it would be incongruous to refuse to do so in a contract case. Once again, we are reluctant to analyze contract terms under principles which have technical meaning in other areas of the law.
We are therefore of the opinion that unless otherwise excluded by the terms of the life insurance policy, a death is accidental absent a showing that the death was a result of plan, design or intent on the part of the decedent.
Just as principles of tort law and criminal law have no application to the contract issue in question; our decision likewise has no application to those areas of law.
Therefore, we conclude that the death in question was accidental within the terms of the policy and the extended benefits are payable.
The decision of the Court of Appeals is reversed and the judgment of the Nicholas Circuit Court is affirmed.
STEPHENS, C.J., and AKER, GANT, LEIBSON and VANCE, JJ., concur.
WINTERSHEIMER, J., files a dissenting opinion in which STEPHENSON, J., joins.